OPINION
{¶ 1} Defendant-appellant, Robert Bates, was convicted of one court of murder, a violation of R.C. 2903.02, and two accompanying firearm specifications — one for discharging a firearm from a motor vehicle under R.C. 2941.146 and one for displaying, brandishing, indicating possession of or using a firearm in the commission of an offense under R.C. 2941.145. Defendant now appeals the sentence of the Franklin County Court of Common Pleas imposed upon him. For the following reasons, we affirm.
 {¶ 2} On August 8, 2002, defendant argued with and then shot Moussa Thiam twice in the chest with a .25-calibre gun. Defendant shot Mr. Thiam as he was sitting in his car and Mr. Thiam was standing outside of the car. Mr. Thiam died as a result of his injuries.
 {¶ 3} After a trial, a jury convicted defendant of murder. Further, the jury found that defendant had a firearm on or about his person or under his control when committing the murder, that defendant displayed, brandished, or indicated that he had a firearm that he used to facilitate the murder and that the murder was committed by discharging a firearm from a motor vehicle.
 {¶ 4} The trial court sentenced defendant to 15 years to life for murder, five years for discharging a firearm while inside a motor vehicle, and three years for displaying, brandishing, indicating possession of or using a firearm in the commission of an offense. The trial court ordered defendant to serve each prison term consecutively, for a total of 23 years to life imprisonment.
 {¶ 5} Defendant now appeals his sentence to this court and assigns the following error:
A trial court abuses its discretion where it sentences a defendant to a consecutive sentence for two gun specifications that are allied offenses of similar import.
 {¶ 6} By his sole assignment of error, defendant argues that the trial court should have merged the two firearm specifications prior to sentencing. We disagree.
 {¶ 7} R.C. 2929.14 specifies the mandatory prison terms that a court must impose for the various firearm specifications. First, R.C. 2929.14(D)(1)(c) requires a trial court to sentence an offender to a mandatory five-year prison term if the offender is convicted of: (1) a felony that includes the element of purposely or knowingly causing the death of or physical harm to another, and (2) a specification of the type described in R.C.2941.146 for discharging a firearm from a motor vehicle. Second, R.C. 2929.14(D)(1)(a) requires a trial court to impose one of the following enhancements to an offender's sentence: (1) a six-year mandatory prison term if the offender is convicted of having "a firearm that is an automatic firearm or that was equipped with a firearm muffler or silencer on or about the offender's person or under the offender's control while committing the offense" (R.C.2941.144 specification); (2) a three-year mandatory prison term if the offender is convicted of having "a firearm on or about the offender's person or under the offender's control while committing the offense and displayed the firearm, brandished the firearm, indicated that the offender possessed the firearm, or used it to facilitate the offense" (R.C. 2941.145 specification); (3) a one-year mandatory prison term if the offender is convicted of having "a firearm on or about the offender's person or under the offender's control while committing the offense" (R.C.2941.141 specification).
 {¶ 8} If an offender is convicted of a felony that includes the element of purposely or knowingly causing the death of or harm to another, a firearm specification under R.C. 2941.146and a firearm specification under R.C. 2941.141, 2941.144 or2941.145, the trial court must impose a five-year mandatory prison term under R.C. 2929.14(D)(1)(c) in addition to "a prison term under division (D)(1)(a) of [2929.14] relative to the same offense, provided the criteria specified in that division for imposing an additional prison term are satisfied * * *." R.C.2929.14(D)(1)(c); State v. Dixson, Hamilton App. No. C-030227, 2004-Ohio-2575, at ¶ 39 [holding that a defendant convicted of felonious assault and firearm specifications under R.C. 2941.141,2941.145, and 2941.146 must be sentenced to mandatory prison terms pursuant to R.C. 2929.14(D)(1)(a) and (D)(1)(c)].
 {¶ 9} Further, under R.C. 2929.14(E)(1)(a), an offender must serve a prison term imposed under 2929.14(D)(1)(a)(ii) or (D)(1)(a)(iii) and a prison term imposed under 2929.14(D)(1)(c) consecutively. R.C. 2929.14(E)(1)(a) ("[I]f both types of mandatory prison terms are imposed, the offender shall serve any mandatory prison term imposed under either division consecutively to any other mandatory prison term imposed under either division"); State v. Gresham, Cuyahoga App. No. 81250, 2003-Ohio-744, at ¶ 14 ("[I]t is clear that the legislature intended to cumulate the mandatory prison terms contained in R.C.2941.141 and 2941.145, on the one hand, and R.C. 2941.146, and to require them to be served consecutively to one another and to the prison terms for the base offense.").
 {¶ 10} In the case at bar, defendant was convicted of murder, in violation of R.C. 2903.02, as well as specifications for discharging a firearm from a motor vehicle (R.C. 2941.146) and for displaying, brandishing, indicating possession of or using a firearm in the commission of an offense (R.C. 2941.145). As murder is a felony that includes the element of purposely causing the death of another, R.C. 2929.14(D)(1)(c) and (E)(1)(a) required the trial court to impose both a five-year and a three-year mandatory prison term, to be served consecutively. Therefore, we conclude that the trial court properly sentenced defendant.
 {¶ 11} Defendant, however, relies upon State v. Beauford
(Apr. 25, 2002), Franklin App. No. 01AP-1166, and State v.Jones (Mar. 5, 2002), Franklin App. No. 01AP-649, to argue otherwise. Defendant's reliance on these cases is misplaced because both Beauford and Jones construed and applied a former version of R.C. 2929.14. As the statute has since been modified to specify that prison terms imposed under R.C.2929.14(D)(1)(a)(ii) or (iii) and (D)(1)(c) must be served consecutively, neither case is applicable.
 {¶ 12} Accordingly, we overrule defendant's assignment of error.
 {¶ 13} For the foregoing reasons, we overrule defendant's assignment of error, and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
Bowman and Deshler, JJ., concur.
Deshler, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.