[Cite as *State v. King*, 2012-Ohio-4161.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97904**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# DAEMON KING

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-549881

**BEFORE:** Kilbane, J., Rocco, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** September 13, 2012

**ATTORNEY FOR APPELLANT**

Paul Mancino, Jr.
75 Public Square
Suite 1016
Cleveland, Ohio 44113-2098

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
Diane Russell
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

{¶1} This appeal arises from defendant-appellant Daemon King's guilty plea and sentence for carrying a concealed weapon and trafficking in heroin. For the reasons set forth below, we affirm.

{¶2} On May 16, 2011, defendant and codefendant Katron Grays were charged with drug trafficking pursuant to a seven-count indictment. As is relevant herein, Count 1 charged defendant with carrying a concealed weapon with specifications for the forfeiture of a weapon, money, and other property. Count 2 charged him with having a weapon while under disability with forfeiture specifications. Count 4[1] charged him with possessing more than ten but less than fifty grams of heroin with forfeiture specifications. Count 5 charged him with trafficking in more than ten but less than fifty grams of heroin. Count 6 charged defendant with possession of criminal tools with forfeiture specifications. Count 7 charged him with trafficking in less than 200 grams of marijuana, and these charges also contained a one-year firearm specification and forfeiture specifications.

{¶3} Defendant pled not guilty, but on August 3, 2011, he entered into a plea agreement with the state whereby Counts 2, 4, 6, and 7 were dismissed in exchange for his guilty plea to Counts 1 and 5 and their specifications. In relevant part, the trial court advised defendant that Count 1 charged him with carrying a concealed weapon, a fourth

---

[1]Count 3 pertained solely to codefendant Katron Grays.

degree felony, carrying a sentence of six months to eighteen months of imprisonment; and Count 5 charged him with trafficking in more than ten but less than fifty grams of heroin, a second degree felony, carrying a sentence of two to eight years of imprisonment. The court also described the specifications for the offenses, and noted that it would be imposing a three year term of postrelease control sanctions, violations of which could result in an additional prison term. The court then stated:

> There are financial obligations if you plead guilty. You may be fined up to $15,000 for the felony 2 and up to $5,000 for the felony 4, meaning you face a total possible fine of $20,000.

> I'll ask [the prosecuting attorney] because I don't have it right in front of me, * * * whether there is a mandatory fine in this case, in particular on count 5?

> [PROSECUTING ATTORNEY:] I don't know, your Honor

> * * *

> THE COURT: I don't think there is.

> Do you have an opinion, [defense attorney]?

> [DEFENDANT'S TRIAL ATTORNEY:] I don't believe there is either.

> THE COURT: Well, if you can look for that while I'm addressing Mr. King further, I would appreciate it * * *.

> If you plead guilty today, are you pleading guilty as your own choice?

> THE DEFENDANT: Yes, Your Honor.

> THE COURT: Are you being pressured to do this against your better judgment?

> THE DEFENDANT: No. No, Your Honor.

THE COURT: Are you pleading guilty because, in fact, you committed these crimes?

THE DEFENDANT: Yes, Your Honor.

**{¶4}** The trial court then accepted defendant's guilty plea to Count 1 and Count 5 and stated:

> Mr. King, first of all, I assume that your greater concern is the prison sentence, but you have the right to be accurately informed about the fine. So I should tell you a fine of $15,000 may be mandatory — $7,500 of it may be mandatory, so you are aware.
>
> Is there something else we should do on the record while we're here today * * *
>
> [PROSECUTING ATTORNEY]: No Your Honor. Thank you.
>
> * * *
>
> [DEFENSE ATTORNEY]: No, Your Honor.

**{¶5}** The matter was scheduled for sentencing on September 6, 2011. On that date, the defendant made an oral motion to withdraw his guilty plea, complaining that he believed he had pled to drug possession and was surprised to learn that he had pled to drug trafficking. He later filed a motion to disqualify his counsel. The trial court subsequently reviewed the transcript of the plea proceedings and held a hearing in the matter on December 22, 2011.

**{¶6}** At the hearing to withdraw the defendant's plea, defendant's newly retained counsel questioned the prior counsel's failure to file a motion to suppress the evidence and whether he had obtained all discoverable material. The new counsel also stated that the instant matter presented a possible double jeopardy claim insofar as the charges in the

instant matter had resulted in a parole violation from a former matter. The defense attorney stated that defendant believed that his former attorney had pursued these issues, but recently learned that he had not done so. At the conclusion of the hearing, the trial court noted that it had thoroughly reviewed the transcript from the plea proceeding and, that at the time of the plea, defendant specifically denied being pressured to enter the plea against his better judgment and stated that he was pleading guilty because he committed those particular crimes. The court then denied the motion to vacate the guilty plea. Thereafter, on January 9, 2012, the trial court determined that the charge of carrying a concealed weapon in Count 1 was allied with the firearm specification in Count 5 and imposed a four-year prison term on the underlying offense along with one year on the firearm specification for an aggregate term of five years of imprisonment for Count 5, three years of postrelease control sanctions, and a $7,500 fine. Defendant now appeals and assigns three errors for our review.

{¶7} Defendant's first assignment of error states:

Defendant was denied due process of law when the trial court refused to allow defendant to withdraw his guilty plea.

{¶8} In this matter, defendant maintains that his guilty plea was not knowingly and voluntarily made because he was coerced into entering the plea and was not given sufficient time and information to make an informed decision. Specifically, he

complains that at the time of the guilty plea, his attorney failed to pursue possible suppression of the evidence, failed to determine whether the drugs recovered in this matter were actually in the possession of the codefendant, and failed to conduct an independent analysis as to the exact weight of the drugs.

{¶9} The withdrawal of a guilty plea is governed by Crim.R. 32.1, which provides:

> A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

{¶10} In *State v. Xie*, 62 Ohio St.3d 521, 584 N.E.2d 715 (1992), paragraphs one and two of the syllabus, the Ohio Supreme Court held:

> 1. A defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. A trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea.
>
> 2. The decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court.

{¶11} A trial court does not abuse its discretion in overruling a motion to withdraw: (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request. *State v. Peterseim*, 68 Ohio App.2d 211, 214, 428 N.E.2d 863, 865-866 (8th Dist.1980).

**{¶12}** With regard to the first *Peterseim* factor, we note that, in general, a properly licensed attorney practicing in this state is presumed to be competent. *State v. Lytle*, 48 Ohio St.2d 391, 397, 358 N.E.2d 623 (1976). To establish a claim for ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that deficiency prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

**{¶13}** Here, defendant asserts that his first trial counsel was ineffective for not pursuing suppression of the evidence, failing to determine whether the codefendant was in possession of the drugs, and failing to obtain an independent analysis of the weight of the drugs. From the record, however, the court noted that the attorney has been "practicing for a very long time" and is a "very competent attorney." As to the remaining issues, during the hearing on the motion to vacate the plea, the prosecuting attorney indicated that as police officers passed the vehicle in which the defendant was riding, they "detected the odor of marijuana and that's when they approached the vehicle [and] * * * the marijuana and scale were in plain sight." Heroin was discovered in "Mr. King's front left outer jacket pocket," and the laboratory report established that separate amounts of heroin when combined weighed over ten grams. The record, therefore, does not establish a basis for the suppression of the evidence and does not establish a basis for defendant's challenge to possession of the evidence. In short, there is nothing in the record to establish that defendant's first trial counsel committed an error or prejudiced the

defendant, and does not undermine the trial court's opinion that defense counsel provided highly competent representation.

**{¶14}** As to the second *Peterseim* factor, there is simply nothing to indicate that defendant's guilty plea was not made knowingly, intelligently, and voluntarily. The trial court conducted a thorough colloquy with defendant and advised him of each of his rights as well as the potential penalties for each offense. The defendant stated that he understood the effect of his guilty plea and consequences, and he additionally stated that he committed the offenses. In addition, defendant acknowledged that he was pleading guilty as his own choice, that he had not been pressured to enter into the plea, and that he was pleading guilty because he had committed the offenses.

**{¶15}** As to the third and fourth *Peterseim* factors, we note that the court reviewed the entire record before the hearing. The hearing was thorough and impartial, and the court gave full and fair consideration to the plea withdrawal request.

**{¶16}** Pursuant to the *Peterseim* factors, the trial court did not abuse its discretion in denying defendant's presentence motion to vacate his guilty plea.

**{¶17}** The first assignment of error is without merit and overruled.

**{¶18}** Defendant's second and third assignments of error state:

Defendant was denied due process of law when his plea was involuntary and the court did not properly inform defendant concerning the requirement of a mandatory fine.

Defendant was denied due process of law when the court imposed a fine after informing defendant that a fine was not mandatory.

**{¶19}** We employ a de novo standard of review in order to determine whether a trial court accepted a plea in compliance with Crim.R. 11. *State v. Cardwell,* 8th Dist. No. 92796, 2009-Ohio-6827, ¶ 26, citing *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977).

**{¶20}** Guilty pleas are governed by Crim.R. 11, which provides in pertinent part as follows:

> (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
>
> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
>
> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

**{¶21}** A trial court must strictly comply with Crim.R. 11(C)(2)(c) when advising a defendant of his constitutional rights. *State v. Veney*, 120 Ohio St.3d 176,

2008-Ohio-5200, 897 N.E.2d 621, ¶ 22. With respect to the nonconstitutional notifications required by Crim.R. 11(C)(2)(a) and 11(C)(2)(b), however, substantial compliance is sufficient. *Id*., citing *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). As explained in *Nero*, "[s]ubstantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." In addition, the defendant must show prejudice. *Id*. The test is whether the plea would have otherwise been made. *Id*.

{¶22} In this matter, the trial court conducted an extensive hearing at the time of the plea. At this time, the court noted that "[t]here are financial obligations if you plead guilty. You may be fined up to $15,000 for the felony 2 and up to $5,000 for the felony 4, meaning you face a total possible fine of $20,000." The court then questioned whether there is a mandatory fine. After accepting the plea, the court additionally stated that "a fine of $15,000 may be mandatory – $7,500 of it may be mandatory, so you are aware." Thereafter, defendant filed a motion to withdraw the guilty pleas but this motion did not object to the information about the mandatory fine. Following a thorough hearing on the motion to withdraw the guilty pleas, the court determined that it was not meritorious.

{¶23} From the foregoing, the record shows that the trial court did provide the information about the mandatory fines at the very end of the plea hearing, defendant's pleas were knowingly, voluntarily, and intelligently  made, and clearly demonstrates that

defendant did not suffer prejudice as a result of the trial court's failure to provide the information concerning the mandatory fine at an earlier point in the plea hearing.

**{¶24}** The second and third assignments of error are without merit and are overruled.

**{¶25}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

KENNETH A. ROCCO, P.J., and
EILEEN A. GALLAGHER, J., CONCUR