[Cite as *State v. Keys*, 2012-Ohio-5169.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97353**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ROY KEYS

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-549679

**BEFORE:**     Kilbane, J., Boyle, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:**     November 8, 2012

**ATTORNEYS FOR APPELLANT**

Timothy Young
State Public Defender

BY:    Stephen A. Goldmeier
Assistant State Public Defender
250 East Broad Street
Suite 1400
Columbus, Ohio 43215

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:     Carrie Heindrichs
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

{¶1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.

{¶2} Defendant-appellant, Roy Keys ("Keys"), appeals the trial court's denial of his presentence motion to withdraw his guilty plea. For the reasons that follow, we affirm.

{¶3} In May 2011, Keys was charged in a three-count indictment. Counts 1 and 2 charged him with kidnapping, and Count 3 charged him with felonious assault. The charges arose out of an incident in which Keys hit his girlfriend multiple times in the face while they were driving in her car. The girlfriend attempted to exit her car, but Keys climbed into the driver's seat, grabbed her by her jacket, and drove the car with his girlfriend being dragged along the side of the car.

{¶4} On July 12, 2011, Keys pled guilty to felonious assault as charged in Count 3, and the remaining counts were nolled. The matter was set for sentencing on July 26, 2011. On July 18, 2011, Keys filed a pro se motion to withdraw his guilty plea, alleging that "I did not understand what was going on in court. I had other voices in my head telling me to do one thing and I could not choose right from wrong." As a result of this motion, the trial court did not proceed with sentencing. Instead, the trial court referred Keys to the court psychiatric clinic for a mental health evaluation. In the interim, Keys

requested new counsel, who represented Keys at the hearing on his presentence motion to withdraw his guilty plea on August 29, 2011. At this hearing, the trial court noted the psychological report regarding Keys concluded that Keys's account of auditory hallucinations was inconsistent with an account that is typically provided by psychotic individuals and diagnosed Keys with malingering. The report also concluded that he had polysubstance dependence and depressive disorder. In light of this report and the trial court's review of the guilty plea hearing, the court denied Keys's motion and then sentenced Keys to an aggregate of eight years in prison.

{¶5} Keys now appeals, raising the following single assignment of error for review.

ASSIGNMENT OF ERROR

The trial court erred by denying [Keys's] presentence motion to withdraw his guilty plea[.]

{¶6} Keys argues that the trial court erred when it denied his presentence motion to withdraw his guilty plea. A motion to withdraw a guilty plea is governed by the standards set forth in Crim.R. 32.1, which provides that

[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

{¶7} Generally, a presentence motion to withdraw a guilty plea should be freely and liberally granted. *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). However, a defendant does not have an absolute right to withdraw a plea prior to

sentencing, and it is within the sound discretion of the trial court to determine what circumstances justify granting such a motion. *Id.* In ruling on a presentence motion to withdraw a plea, the court must conduct a hearing and decide whether there is a reasonable and legitimate basis for withdrawal of the plea. *Id.* at 527. The decision to grant or deny such a motion is within the sound discretion of the trial court. *Id.*

{¶8} In *State v. Peterseim*, 68 Ohio App.2d 211, 214, 428 N.E.2d 863 (8th Dist.1980), paragraph three of the syllabus, this court set forth the standard for determining whether the trial court has abused its discretion in denying a presentence motion to withdraw a plea:

> A trial court does not abuse its discretion in overruling a motion to withdraw: (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request.

{¶9} Keys's argument does not specifically address the above factors. Rather, he argues the trial court erred when it denied his presentence motion to withdraw his guilty plea because he demonstrated that he was confused, and this confusion caused him to be misled by defense counsel at his guilty plea hearing. We disagree.

{¶10} The trial court, in the instant case, fully complied with the *Peterseim* criteria. First, Keys's initial and subsequent assigned counsel are highly competent. Second, Keys concedes that he was afforded that full hearing under Crim.R. 11 and that his plea was knowingly and voluntarily made. Third, the record demonstrates that the

trial court gave Keys a complete and impartial hearing on his presentence motion to withdraw his guilty plea. Fourth, the trial court afforded Keys an impartial hearing on his motion to withdraw his guilty pleas and gave full and fair consideration to his request as required by the last *Peterseim* criteria.

{¶11} A review of the record reveals that the trial court was prepared to sentence Keys on July 26, 2001, but continued the matter for a mental health evaluation. After the evaluation was completed, the trial court held a hearing on Keys's presentence motion to withdraw his guilty plea. At this hearing, the court first noted that the psychiatric report concluded that Keys's account of auditory hallucinations was inconsistent with an account that is typically provided by psychotic individuals. The trial court then noted that at the plea hearing defense counsel informed the court that he fully advised Keys, and Keys understood the nature of the proceedings. The court stated:

> I inquired of [Keys] directly, and if my math is correct, on 13 separate occasions, I asked him if he understood exactly what I was explaining to him. On two separate occasions I asked him if he had any questions whatsoever. On a number of occasions I asked him about his satisfaction with his counsel. He indicated that he was satisfied. He indicated no threats of promises had been made to induce this plea, and that the plea that he entered [into] * * * was completely voluntarily and knowingly made.
>
> * * * [O]n the date of the plea, * * * I asked you if you were taking any
>
> medication. You indicated that you were taking blood pressure medication
>
> and you were not sure if it was helping your blood pressure. I asked you if
>
> you were thinking clearly. You said yes. I asked you if you were feeling

well, and you said yes. I asked you if you were under the influence of any illegal drugs or alcohol, and you said no.

**{¶12}** The record demonstrates that Keys did not suffer from auditory hallucinations, and the trial court asked him on a number occasions if he understood the nature of the proceedings and if he was satisfied with defense counsel. Therefore, we find that the trial court did not abuse its discretion when it denied Keys's presentence motion to withdraw his guilty plea because all four prongs set forth in *Peterseim* were satisfied.

**{¶13}** The sole assignment of error is overruled.

**{¶14}** Judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

MARY J. BOYLE, P.J., and

LARRY A. JONES, SR., J., CONCUR