[Cite as *State v. King*, 2013-Ohio-2088.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

_____

JOURNAL ENTRY AND OPINION
**No. 97904**

_____


## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DAEMON KING

DEFENDANT-APPELLANT


**JUDGMENT:**
APPLICATION DENIED


Cuyahoga County Court of Common Pleas
Case No. CR-549881
Application for Reopening
Motion No. 464339


**RELEASE DATE:**  May 22, 2013

**APPELLANT**

Daemon King, pro se
Inmate No. 621-822
Belmont Correctional Institution
P.O. Box 540
St. Clairsville, Ohio 43950


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
Diane Russell
Daniel T. Van
Assistant County Prosecutors
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

MARY EILEEN KILBANE, J.:

{¶1} Applicant, Daemon King, pled guilty and was sentenced on convictions of carrying a concealed weapon, trafficking in cocaine, and a firearm specification. Applicant, through counsel, pursued an appeal. We affirmed the trial court's judgment in *State v. King*, 8th Dist. No. 97904, 2012-Ohio-4161. Applicant now seeks to reopen the appeal pursuant to App.R. 26(B).

{¶2} The appellate judgment was journalized on September 13, 2012. The application for reopening was not filed until April 23, 2013. This falls well outside the time limits of App.R. 26(B)(1), which requires applications to be filed within 90 days after journalization of the appellate judgment. The only exception that would permit us to review an untimely application is if applicant establishes good cause for filing at a later time. *Id.*

{¶3} The Supreme Court of Ohio, with regard to the 90-day deadline provided by App.R. 26(B)(2)(b), has firmly established that

> Consistent enforcement of the rule's deadline by the appellate courts in Ohio protects on the one hand the state's legitimate interest in the finality of its judgments and ensures on the other hand that any claims of ineffective assistance of appellate counsel are promptly examined and resolved.
>
> Ohio and other states "may erect reasonable procedural requirements for triggering the right to an adjudication," *Logan v. Zimmerman Brush Co.* (1982), 455 U.S. 422, 437, 102 S.Ct 1148, 71 L.Ed.2d 265, and that is what Ohio has done by creating a 90-day deadline for the filing of applications to reopen. [The applicant] could have retained new attorneys after the court of appeals issued its decision in 1994, or he could have filed the application on his own. What he could not do was ignore the rule's filing deadline. * *

> \* The 90-day requirement in the rule is "applicable to all appellants," *State v. Winstead* (1996), 74 Ohio St.3d 277, 278, 1996- Ohio-52, 658 N.E.2d 722, and [the applicant] offers no sound reason why he — unlike so many other Ohio criminal defendants — could not comply with that fundamental aspect of the rule.

(Emphasis added.) *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, ¶ 7. *See also State v. LaMar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970; *State v. Cooey*, 73 Ohio St.3d 411, 1995-Ohio-328, 653 N.E.2d 252; *State v. Reddick*, 72 Ohio St.3d 88, 647 N.E.2d 784 (1995).

**{¶4}** Applicant has failed to establish "good cause" for the untimely filing of his application for reopening. He argues that good cause exists for the untimely filing because he was relying on his retained counsel to pursue an appeal to the Ohio Supreme Court and "raise everything that should have been raised on appeal." Applicant asserts that he did not do any research until after the Ohio Supreme Court declined to accept his appeal. It is well settled that neither of these reasons offered by applicant qualify as good cause for filing an application pursuant to App.R. 26(B) outside the 90-day time period.

**{¶5}** An appellate court retains jurisdiction to consider an application to reopen even though the applicant has an appeal pending in the Supreme Court. *State v. Davis*, 119 Ohio St.3d 422, 2008-Ohio-4608, 894 N.E.2d 1221, ¶ 21, 22 (Rules of Practice of the Supreme Court allow appellate courts to consider App.R. 26(B) applications even after an appeal to the Supreme Court is perfected.) Therefore, the fact that the applicant pursued an appeal to the Ohio Supreme Court does not establish grounds for filing an untimely

application in this court pursuant to App.R. 26(B).

**{¶6}** Applicant's remaining excuses are also unavailing. Ignorance of the law or lack of effort or imagination do not automatically establish good cause for failure to seek timely relief. *State v. Twyford*, 106 Ohio St.3d 176, 2005-Ohio-4380, 833 N.E.2d 289, ¶ 9, citing, *State v. Reddick*, 72 Ohio St.3d 88, 91, 647 N.E.2d 784 (1995). Applicant "cannot rely on his own alleged lack of legal training to excuse his failure to comply with the deadline." *Id*. Finally, reliance upon appellate counsel does not establish good cause for the untimely filing of an application for reopening. *State v. Alt*, 8th Dist. No. 96289, 2012-Ohio-2054; *see also State v. Hudson*, 8th Dist. No. 91803, 2010-Ohio-2879, at *2.

**{¶7}** Applicant has not established good cause for filing an untimely application for reopening and it is therefore denied.

_____
MARY EILEEN KILBANE, JUDGE

KENNETH A. ROCCO, P.J., and
EILEEN A. GALLAGHER, J., CONCUR