[Cite as *State v. Mhoon*, 2013-Ohio-2090.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 98832

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JOSHUA MHOON

DEFENDANT-APPELLANT

---

## JUDGMENT:
### AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-557331

**BEFORE:** Rocco, J., Jones, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** May 23, 2013

-i-

**ATTORNEY FOR APPELLANT**

Michael H. Murphy
20325 Center Ridge Road
Suite 512
Rocky River, Ohio 44116

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Joseph J. Ricotta
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

KENNETH A. ROCCO, J.:

{¶1} Defendant-appellant Joshua Mhoon appeals his convictions and the sentences imposed after he pled guilty to one count of improper discharge of a firearm into a habitation in violation of R.C. 2923.161(A)(1) and one count of felonious assault in violation of R.C. 2903.11(A)(1), both with three-year and five-year firearm specifications, in connection with a drive-by shooting.

{¶2} Mhoon presents four assignments of error. In his first and second assignments of error, Mhoon contends that the trial court erred in denying his motion to withdraw his pleas based on Mhoon's claim that his pleas were the result of an alleged bribe. Mhoon further contends that he was denied effective assistance of counsel due to his trial counsel's failure to file a notice of alibi, failure to present evidence in support of his motion to withdraw his pleas, and failure to fully investigate Mhoon's bribery claims. In his third assignment of error, Mhoon claims that he had problems understanding what was going on during the plea hearing and that the trial court failed to comply with Crim.R. 11(C)(2)(b) in accepting his pleas. Finally, Mhoon argues that the trial court erred in failing to merge the two firearm specifications to which he pled guilty for sentencing, and that his sentence was, therefore, contrary to law.

{**¶3**} Having reviewed the record, this court finds no merit to Mhoon's arguments. Consequently, his assignments of error are overruled, and his convictions and sentences are affirmed.

{**¶4**} Mhoon's convictions arose out of a drive-by shooting that occurred on March 7, 2011. The victim, age 13, was sitting on the couch when shots rang out from a car on the street, entering her house. One of the bullets hit the victim in the head, seriously injuring her. Following a police investigation, Mhoon was identified as the alleged shooter. At the time of the incident, Mhoon was 17 years old. Following his arrest in September 2011, Mhoon was held at the Cuyahoga County Juvenile Detention Center. While the matter was pending in the juvenile division, Mhoon confessed to his role in the shooting in a letter he wrote and submitted to the court. After Mhoon turned 18 years old, he was bound over for adult prosecution, and the case was transferred to the general trial division of the Cuyahoga County Court of Common Pleas.

{**¶5**} On December 20, 2011, Mhoon was indicted on two counts of improperly discharging a firearm into a habitation under R.C. 2923.161(A)(1), one count of attempted murder under R.C. 2903.02(A), and six counts of felonious assault under R.C. 2903.11(A). All charges also carried one-year, three-year, and five-year firearm specifications under R.C. 2941.141, .145, and .146, respectively.

{**¶6**} As part of a plea agreement, on March 19, 2012, Mhoon pled guilty to one count of improperly discharging a firearm into a habitation under R.C. 2923.161(A)(1) and one count of felonious assault under R.C. 2903.11(A)(1). Mhoon also pled guilty to the three-year and

five-year firearm specifications on each count. In exchange for Mhoon's pleas, the state agreed to dismiss the remaining counts. After a thorough plea colloquy, the trial court accepted Mhoon's pleas, dismissed the remaining counts, and ordered a presentence investigation and mitigation of penalty report.

{¶7} Two-and-a-half months after he entered his guilty pleas, Mhoon filed a motion to withdraw his pleas on the ground that he did not commit the offenses to which he had previously pled. Mhoon's motion was based on statements he had apparently made during an interview conducted by the court psychiatric clinic in preparing the mitigation of penalty report, in which Mhoon recanted his confession and denied that he had committed the offenses to which he had previously pled guilty. Specifically, Mhoon claimed that he had been offered $6,000 to take responsibility for the shooting and that someone else was the shooter. He allegedly agreed to this arrangement based on his belief that, because he was a juvenile at the time of the incident, the maximum sentence he could receive was "juvy life," i.e., remaining in the custody of the Ohio Department of Youth Services until he was age 21. He further claimed that he had an alibi and was not present at the time of the incident, but rather, was at a friend's house, recovering from a beating he had recently received.

{¶8} On July 12, 2012, the trial court conducted a hearing on the motion. During the hearing, Mhoon's counsel argued that despite Mhoon's prior confession, he was not, in fact, the shooter and was somewhere else at the time of the incident. Mhoon did not introduce any exhibits or present any witness testimony at the hearing. Nor did he submit any affidavits or present any other evidence supporting his claims with his motion.

{¶9} On July 19, 2012, the trial court denied Mhoon's motion to withdraw his guilty pleas, and the case proceeded to sentencing. The parties stipulated that the two counts to which Mhoon had pled guilty merged for purposes of sentencing. On July 24, 2012, the trial court sentenced Mhoon to terms of three and five years, respectively, on the three-year and five-year firearm specifications, and to a term of eight years on the felonious assault count, all of which were to be served consecutively, for an aggregate prison term of 16 years. {¶10} Mhoon appeals from his convictions and sentences and presents the following four assignments of error:

ASSIGNMENT OF ERROR NO. I:

Appellant was not afforded effective assistance of counsel.

ASSIGNMENT OF ERROR NO. II:

The trial court erred in not granting the defendant's motion to vacate his plea.

ASSIGNMENT OF ERROR NO. III:

The trial court erred in taking the defendant's plea, due to the fact that the defendant clearly stated he could not read or write at a high level, and that defendant's plea was not knowingly, voluntarily, or intelligently made.

ASSIGNMENT OF ERROR NO. IV:

The trial court erred in not merging the two firearm specifications he pled to, since they arose from the same criminal activity.

{¶11} For ease of discussion, we consider Mhoon's third assignment of error first. In his third assignment of error, Mhoon contends that the trial court erred in accepting Mhoon's guilty plea under Crim.R. 11(C)(2) because Mhoon

had "severe problems" understanding what was going on during the plea hearing and that his plea, therefore, was not knowingly, intelligently, and voluntarily made.

{¶12} Mhoon's argument is based primarily on the following exchange between Mhoon and the trial court at the outset of the plea hearing:

THE COURT: * * * Do you have any issues with reading or writing the English language?

The DEFENDANT: Yes.

THE COURT: What issues do you have?

THE DEFENDANT: Everything.

THE COURT:  You can't read or write?

THE DEFENDANT: (Witness shakes his head.)

THE COURT: You were in the ninth grade and you've never learned how to read or write?

THE DEFENDANT: I know how to read a little bit, but I don't know how to read that clear.

THE COURT: Is the fact that you can't read or write, does that affect in any way you understanding what had been told to you in this matter?

THE DEFENDANT: Yes.

THE COURT: It does?  How does it do that?

THE DEFENDANT: Huh?

THE COURT: [Defense counsel], please take your client in the back and discuss this with him.

{¶13} Mhoon argues that based on this exchange and his counsel's further

statement to the court that, when interviewing Mhoon in jail he observed an "[a]ttention deficit kind of situation," i.e., "that sometimes in the middle of a paragraph * * * his mind wanders involuntarily and so sometimes he loses his train of thought," the trial court should have had "more concerns" regarding Mhoon's understanding of the proceeding and should not have accepted Mhoon's pleas.[1]

{¶14} Crim.R. 11(C)(2) provides:

In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶15} Mhoon contends that the trial court failed to comply with Crim.R.11(C)(2)(b), i.e., that the trial court failed to inform Mhoon of the effect of his

---

[1]Although the record indicates that there was an "earlier issue" with regard to Mhoon's competency, the parties stipulated, at the outset of the plea hearing, that Mhoon was capable of assisting in his defense and of understanding the nature and objectives of the proceedings against him, and was, therefore, competent to stand trial.

guilty pleas and failed to ensure that Mhoon understood the effect of his guilty pleas prior to accepting his pleas. We disagree.

**{¶16}** In determining whether the trial court has satisfied its duties in accepting a plea under Crim.R. 11, reviewing courts distinguish between constitutional and nonconstitutional rights. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 474, ¶ 14-21. The trial court must strictly comply with the requirements of Crim.R. 11(C) when advising a defendant of his constitutional rights. *Id.* at ¶ 18.

**{¶17}** As to the nonconstitutional aspects of Crim.R. 11(C), including the notifications required by Crim.R. 11(C)(2)(b), the trial court must "substantially comply" with the rule's requirements. *Veney* at ¶ 14. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implication of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). Based on a careful review of the record, we conclude that the trial court substantially complied with Crim.R. 11(C)(2)(b).

**{¶18}** Following the exchange quoted above, in which Mhoon indicated that he had difficulty reading and writing, the trial judge gave Mhoon an opportunity to confer at length with counsel. After he conferred with counsel, the trial court advised Mhoon that if he needed to speak with his counsel at any time during the proceeding, he should feel free to do so. Mhoon indicated that he understood. Mhoon's counsel informed the court that he had also told Mhoon that if he did not understand something, Mhoon should let the court know and that counsel would explain it to him. Counsel further advised the court that based on his

perception of Mhoon and the conversations he had had with his client both during the recess taken during the plea hearing and previously, he believed that Mhoon's pleas were being made knowingly and voluntarily. The trial court then continued with the plea colloquy.

{¶19} Upon questioning by the court, Mhoon indicated that he had had sufficient time to consult with his counsel and was satisfied with his representation. He further acknowledged that no one had threatened him or made any promises to him, aside from the plea negotiations, in order to get him to enter his guilty pleas in this case.

{¶20} The trial court then proceeded to explain to Mhoon both the counts with which he had been originally charged and those to which he was pleading guilty as part of the plea agreement. The record demonstrates that the trial court went over each of the counts with Mhoon in detail, explaining the various elements of the charges and firearm specifications to which Mhoon would be pleading guilty and what they meant in layman's terms.[2] As the court explained, "clearly this is an extremely serious matter, and so we are going to go over [the charges] very carefully to make sure you fully understand what's going on." In each instance, Mhoon responded that he understood. The trial court also explained in detail the potential sentences that could be imposed, including that the two firearm specifications to which Mhoon was pleading guilty would not merge and would result in a mandatory eight-year term before any sentence was imposed for the underlying offenses to which Mhoon was pleading guilty. Again,

---

[2]For example, in addition to reciting the language of the indictment for each offense, the trial judge explained the charge of improper discharge into a habitation by stating, "what they're claiming is you shot a gun into a house occupied by [the victim]." He explained the charge of felonious assault by stating, "what this says is that you caused — by pulling that trigger and shooting into that house, you caused serious physical harm to [the victim]."

Mhoon indicated he understood.

{¶21} The trial judge then proceeded to conduct a thorough colloquy under Crim.R. 11(C)(2)(c), explaining to Mhoon his constitutional rights and what Mhoon would be waiving, with respect to each of those rights, by pleading guilty to the offenses with which he had been charged. Again, in each instance, Mhoon indicated that he understood. Mhoon did not ask any questions or otherwise give any indication that he did not understand what he was told by the trial judge or did not understand the questions he was asked by the trial judge during the plea colloquy. After being advised of his rights, Mhoon entered guilty pleas to the charges and specifications at issue. Mhoon's counsel indicated that he was satisfied that the trial court had fully complied with Crim.R. 11.

{¶22} In this case, the record demonstrates that the trial court conducted a detailed and thorough plea colloquy under Crim.R. 11 prior to accepting Mhoon's pleas. Based on the totality of the circumstances, we find that Mhoon subjectively understood the implication of his guilty pleas, the potential penalties he could receive as a result of his pleas, and the rights he was waiving by pleading guilty to the counts at issue. Accordingly, the trial court did not err in accepting Mhoon's pleas. Mhoon's third assignment of error is overruled.

{¶23} Mhoon's first and second assignment of errors relate to his motion to withdraw his guilty pleas. In his first assignment of error, Mhoon argues that he was not afforded effective assistance of counsel in connection with his motion to withdraw his guilty pleas because the performance of his trial counsel was "flawed and deficient."

{¶24} A criminal defendant has the right to effective assistance of counsel. *Strickland v.*

*Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We review a claim of ineffective assistance of counsel under the two-part test set forth in *Strickland*. *See State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph two of the syllabus. First, we consider whether counsel's performance was deficient, i.e., whether counsel's performance fell below an objective standard of reasonable representation. *Id.* at 687-688. This requires a showing that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687.

{¶25} If we determine that counsel's performance was deficient, we must then determine whether the errors prejudiced the defendant. *Id.* at 692. A defendant establishes prejudice if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "Reasonable probability" is "probability sufficient to undermine confidence in the outcome." *Id.*

{¶26} Because there are "countless ways to provide effective assistance in any given case," judicial scrutiny of a lawyer's performance must be "highly deferential." *Id.* at 689. "Decisions on strategy and trial tactics are generally granted a wide latitude of professional judgment," and it is "not the duty of a reviewing court to analyze the trial counsel's legal tactics and maneuvers." *State v. Gau*, 11th Dist. No. 2005-A-0082, 2006-Ohio-6531, ¶ 35, citing *Strickland* 466 U.S. at 689, 104 S.Ct. 2052, 80 L.Ed.2d 674; *see also State v. Phillips*, 74 Ohio St.3d 72, 85, 1995-Ohio-171, 656 N.E.2d 643 (debatable trial tactics and strategies generally do not constitute ineffective assistance of counsel). Therefore, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional

assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland* at 689.

**{¶27}** Mhoon contends that he was not afforded effective assistance of counsel in connection with his motion to withdraw his guilty pleas because his trial counsel: (1) stated that he intended to file a notice of alibi after he filed the motion to withdraw Mhoon's pleas, but failed to do so; (2) failed to submit an affidavit, or any other evidence, in support of Mhoon's motion to withdraw his guilty pleas; and (3) stated that he was "looking to investigate further into [Mhoon's] claims of the alleged bribe offer," but failed to do so.[3] Mhoon contends that "[a]ny one of these would have helped [his] argument" in support of his motion to withdraw his pleas and that "[b]ecause those things were not done," Mhoon's "chances of prevailing on the Motion * * * were substantially reduced."

**{¶28}** Mhoon has the burden of demonstrating that his counsel rendered ineffective assistance. *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052, 80 L.Ed.2d 674; *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 62. The record does not support Mhoon's claims that the performance of his trial counsel was deficient.

**{¶29}** First, Mhoon cites to nothing in the record supporting his contention that his counsel failed to conduct an adequate investigation into his bribery claims or his claims that he

---

[3]It is unclear from Mhoon's argument when he contends that such "statements" by his trial counsel were allegedly made. To the extent Mhoon's ineffective assistance of counsel claims are based on conversations he had with trial counsel, such arguments are not properly raised in a direct appeal because they are not part of the record. *See, e.g., State v. Jones*, 8th Dist. No. 98151, 2012-Ohio-5737, ¶ 44, citing *State v. Rowe*, 3d Dist. No. 13-10-14, 2011-Ohio-5739, ¶ 20-27, and *State v. Vess*, 6th Dist. No. OT-10-038, 2011-Ohio-3118, ¶ 21.

was somewhere else at the time of the shooting, Although trial counsel argued, during the hearing on the motion to withdraw, that the motion should be granted so that further investigation could be conducted regarding Mhoon's claims, there is nothing in the record that suggests that his trial counsel, up to that point, had failed to conduct an adequate investigation. The record does not show the extent of counsel's investigation, and Mhoon does not identify any actions he contends his counsel should have done, yet failed to do, with respect to the investigation of his claims. As the Ohio Supreme Court stated in *State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, 960 N.E.2d 955, "[w]e cannot infer a defense failure to investigate from a silent record.'" *Id.* at ¶65, quoting *State v. Were*, 118 Ohio St.3d 448, 2008-Ohio-2762, 890 N.E.2d 263, ¶ 244. Mhoon's generalized claim that his counsel's investigation was deficient does not meet his burden of establishing ineffective assistance of counsel. *See, e.g., State v. Character*, 8th Dist. No. 93765, 2010-Ohio-4128, ¶ 27.

**{¶30}** Mhoon also claims that his trial counsel failed to provide effective assistance because he did not file a notice of alibi or submit an affidavit or offer other evidence in support of Mhoon's motion to withdraw his guilty pleas. However, during the hearing on Mhoon's motion to withdraw his pleas, counsel explained that he had not filed a notice of alibi because he had been unable to substantiate Mhoon's claims that he was somewhere else at the time of the shooting. Specifically, counsel stated that he had only been able to determine the first name of the friend Mhoon was allegedly staying with at the time the shooting occurred. Mhoon's counsel could not file a notice of alibi or offer an affidavit or other evidence in support of Mhoon's motion that he did not have. Mhoon points to nothing in the record demonstrating

the existence of known evidence in support of Mhoon's claims that counsel failed to put forth. Without a factual basis for an alibi, the means to further investigate an alleged alibi, or a witness who could properly testify, in an affidavit or otherwise, regarding Mhoon's whereabouts at the time of the incident or the facts supporting Mhoon's eleventh-hour claim that he was not the shooter, counsel's failure to file a notice of alibi or to submit an affidavit or other evidence in support of Mhoon's motion cannot constitute deficient performance. *Cf. State v. Johnson*, 8th Dist. No. 97698, 2012-Ohio-3812, ¶ 28-29 (observing that because an appellate court is constrained by the record in a direct appeal, it could not find ineffective assistance of counsel based on counsel's alleged failure to file a notice of alibi). Although perhaps Mhoon himself could have testified in support of his bribery allegations, there are a myriad of strategic reasons why Mhoon and his counsel may have elected not to do so in this case. Accordingly, Mhoon has failed to establish that his counsel's performance fell below an objective standard of reasonable representation.

{¶31} Moreover, Mhoon fails to demonstrate prejudice, i.e., a reasonable likelihood that the outcome of the case would have been different but for the alleged ineffective assistance. As discussed above, Mhoon confessed, in a letter he wrote and submitted to the juvenile court, that he was the shooter. He further represented to the trial court, during the plea hearing, that no one had threatened him or made him any promises in connection with his guilty pleas. Indeed, Mhoon does not even argue that the outcome of the proceedings would have been different. The most he claims is that his "chances of prevailing on the Motion argument were substantially reduced." Accordingly, Mhoon has failed to meet his burden of establishing

ineffective assistance of counsel. Mhoon's first assignment of error is overruled.

{¶32} In his second assignment of error, Mhoon contends that the trial court abused its discretion in denying his motion to withdraw his guilty plea. The withdrawal of a guilty plea is governed by Crim.R. 32.1, which states:

> A motion to withdraw a plea of guilty or no contest may be made only before
>
> sentence is imposed; but to correct manifest injustice the court after sentence may
>
> set aside the judgment of conviction and permit the defendant to withdraw his or
>
> her plea.

{¶33} Although, in general, a presentence motion to withdraw a guilty plea should be "freely and liberally" granted, a defendant does not have an absolute right to withdraw a plea prior to sentencing. *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). In ruling on a presentence motion to withdraw a plea, the trial court must, therefore, conduct a hearing to determine whether there is a reasonable and legitimate basis for withdrawal of the plea. *State v. Keys*, 8th Dist. No. 97353, 2012-Ohio-5169, ¶ 7, citing *Xie* at 527. It is within the "sound discretion of the trial court to determine what circumstances justify granting such a motion." *Xie* at 527.

{¶34} Accordingly, we review a trial court's decision to deny a defendant's motion to withdraw a guilty plea under an abuse of discretion standard. *State v. Johnson*, 8th Dist. No. 83350, 2004-Ohio-2012, ¶ 34. An "abuse of discretion" requires more than an error of law or of judgment; it "implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). Unless it is shown

that the trial court acted unreasonably, arbitrarily, or unconscionably in denying Mhoon's request to withdraw his plea, there is no abuse of discretion.

**{¶35}** In *State v. Peterseim*, 68 Ohio App.2d 211, 214, 428 N.E.2d 863 (8th Dist.1980), paragraph three of the syllabus, this court set forth the standard for determining whether a trial court has abused its discretion in denying a presentence motion to withdraw a plea:

> A trial court does not abuse its discretion in overruling a motion to withdraw: (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request.

**{¶36}** Mhoon contends that he demonstrated a reasonable and legitimate basis for the withdrawal of his plea based on: (1) the timely filing of his motion, in advance of sentencing; (2) the fact that he "may not have understood the nature of the charges and potential sentences," such that the reasons for the motion are "completely reasonable"; and (3) the "troubling question of whether [Mhoon] had a complete defense to the charge." We disagree.

**{¶37}** The trial court in this case fully complied with the *Peterseim* criteria. First, as the record demonstrates, Mhoon was represented by experienced, competent counsel who has handled "hundreds of pleas." The trial court noted that Mhoon's trial counsel "has an extensive history of criminal defense," is "a very, very good attorney" who has "been practicing a long time," and is "highly competent." *See also State v. King*, 8th Dist. No. 97904,

2012-Ohio-4161, ¶ 11 (observing that "in general, a properly licensed attorney practicing in this state is presumed to be competent"), citing *State v. Lytle*, 48 Ohio St.2d 391, 397, 358 N.E.2d 623 (1976).

**{¶38}** As to the second *Peterseim* factor, we have already determined, as discussed above, that Mhoon's guilty pleas were knowingly, intelligently, and voluntarily made.

**{¶39}** With respect to the third and fourth *Peterseim* factors, the record demonstrates that, prior to ruling on Mhoon's motion to withdraw his guilty pleas, the trial court conducted a complete and impartial hearing on the motion and gave full and fair consideration to Mhoon's plea withdrawal request. During the hearing on the motion, Mhoon was given an opportunity to explain the basis for his request to withdraw his guilty pleas and to produce evidence supporting his claim. Mhoon, however, did not introduce any exhibits or present any witness testimony at the hearing corroborating his claims that (1) he was bribed or forced into entering his guilty pleas, (2) he was not the shooter, and (3) he was somewhere else at the time of the shooting. Nor did he file any affidavits or other evidence supporting his claims with his motion.

**{¶40}** Mhoon's motion to withdraw his guilty pleas was filed two-and-a-half months after his pleas were entered and accepted by the trial court. Many months earlier, Mhoon had confessed to his role in the shooting in a letter he wrote and submitted to the juvenile court. Had he wished to do so, Mhoon had ample opportunity to profess his innocence prior to the plea hearing, including following the transfer of his case from the juvenile division to the general trial division of the Cuyahoga County Court of Common Pleas. However, at no time prior to the plea hearing did Mhoon indicate that he did not commit the offenses with which he had been

charged or that he had been promised money "to take the fall" for the shooting. Instead, consistent with his prior confession, Mhoon pled guilty to the offenses at issue during the plea hearing and indicated to the court that no one had threatened him or made any promises to him in order to get him to enter his guilty pleas.

{¶41} The record reflects that, prior to ruling on the motion, the trial judge reviewed and considered the briefs and arguments of counsel related to the motion as well as the transcript from the juvenile court bindover hearing, the mitigation of penalty report, and several other psychiatric or psychological reports prepared prior to the plea hearing. Following his review and consideration of all of these materials, the trial court issued a four-page opinion, in which it explained in detail the reasons for its decision, namely, that Mhoon had failed to produce any evidence demonstrating that he had a reasonable and legitimate basis for withdrawing his pleas. Concluding that Mhoon's bribery allegations were nothing more than "an extreme form of 'buyer's remorse,'" i.e., "a vague attempt to back out of a potentially long prison sentence and to attempt to extend his case indefinitely," the trial court denied the motion.

{¶42} A "mere change of heart" regarding a guilty plea and the possible sentence that may be imposed is "insufficient justification for the withdrawal of a guilty plea." *State v. Johnson*, 8th Dist. No. 83350, 2004-Ohio-2012, ¶ 38, citing *State v. Lambros*, 44 Ohio App.3d 102, 103, 541 N.E.2d 632 (8th Dist.1988). Based on the record before us, we cannot say that the trial court abused its discretion in denying Mhoon's motion to withdraw his pleas. Accordingly, Mhoon's second assignment of error is overruled.

{¶43} In his final assignment of error, Mhoon argues that the trial court should have

merged the two firearm specifications to which he pled guilty under R.C. 2941.145 and .146 because they arose from the same transaction, and that, therefore, his sentence is contrary to law. Mhoon's argument is meritless.

**{¶44}** R.C. 2929.14(B)(1)(c) [formerly R.C. 2929.14(D)(1)(c)] provides that when a defendant pleads guilty to a violation of R.C. 2923.161 or a felony that includes, as an essential element, purposely or knowingly causing or attempting to cause the death of or physical harm to another, and also pleads guilty to a specification of the type described in R.C. 2941.146, the court "*shall impose* an additional prison term of five years." R.C. 2929.14(B)(1)(c). (Emphasis added.) This mandatory term is in addition to, and not an alternative to, any mandatory term that may also be imposed for the same offense pursuant to R.C. 2941.145. *See* R.C. 2929.14(B)(1)(c) ("If a court imposes an additional prison term on an offender under division (B)(1)(c) of this section relative to an offense [relating to specifications under R.C. 2941.146], the court *also shall impose* a prison term under division (B)(1)(a) of this section [relating to specifications under R.C. 2941.141, 2941.144, or 2941.145] relative to the same offense, provided the criteria specified in that division for imposing an additional prison term are satisfied relative to the offender and the offense."). (Emphasis added); *see also State v. Gresham*, 8th Dist. No. 81250, 2003-Ohio-744, ¶ 16.

**{¶45}** Further, R.C. 2929.14(C)(1)(a) provides:

> if both types of mandatory prison terms are imposed [under R.C. 2929.14(B)(1)(a) and (c)], the offender shall serve any mandatory prison term imposed under either division  consecutively to any other mandatory prison term imposed under either division [and] * * *  consecutively to and prior to any prison term imposed for the underlying felony * * * .

**{¶46}** Therefore, it is clear from the plain language of the statute that the legislature intended to require that the mandatory prison terms contained in R.C. 2941.145 and R.C. 2941.146 be served consecutively to one another and to the prison term for the base offense. *Gresham*, 2003-Ohio-744, ¶ 16; *see also State v. Coffman*, 10th Dist. No. 09AP-727, 2010-Ohio-1995, ¶ 11 (interpreting former R.C. 2929.14(D)(1)(c), if an offense is properly accompanied with a specification under R.C. 2941.146 and another under 2941.145, there is no merger of the specifications, and the court must impose a sentence for each), citing *State v. Bates*, 10th Dist. No. 03AP-893, 2004-Ohio-4224, ¶ 8, 10; *State v. Hudson*, 2d Dist. No. 23328, 2010-Ohio-1622, ¶ 8 ("When firearm specifications under both R.C. 2941.145 and 2941.146 accompany the same offense and are both found true, a court must impose a 3-year term under R.C. 2929.14(D)(1)(a)(ii) and a 5-year term under R.C. 2929.14(D)(1)(c)."); *State v. Dixson*, 1st Dist. No. C-030227, 2004-Ohio-2575, ¶ 39 (a defendant convicted of felonious assault and firearm specifications under R.C. 2941.141, 2941.145, and 2941.146 must be sentenced to mandatory, consecutive 3-year and 5-year prison terms for the firearm specifications).

**{¶47}** In this case, Mhoon pled guilty to two felonies, improper discharge of a firearm into a habitation and felonious assault. Mhoon also pled guilty to three-year and five-year firearm specifications under R.C. 2941.145 and .146, governed by R.C. 2929.14(B)(1)(a) and (c), respectively, in connection with those felonies. Although the trial court properly merged the two felony counts for sentencing, the trial court was precluded, pursuant to R.C. 2929.14(B)(1)(c) and(C)(1)(a), from merging the three-year and five-year firearm specifications. Accordingly, Mhoon's merger argument lacks merit, and we overrule his fourth assignment of

error.

**{¶48}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions and sentences having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentences.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
KENNETH A. ROCCO, JUDGE

LARRY A. JONES, SR., P.J., and
SEAN C. GALLAGHER, J., CONCUR