[Cite as *State v. Newton*, 2017-Ohio-7068.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104878**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DASHAUN NEWTON

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-16-602726-C and CR-16-604326-B

**BEFORE:** Jones, J., E.A. Gallagher, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** August 3, 2017

**ATTORNEY FOR APPELLANT**

Bethany R. Stewart Esq., L.L.C.
614 W. Superior Avenue, Suite 920
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

BY: Ashley B. Kilbane
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., J.:

{¶1} Defendant-appellant Dashaun Newton appeals his sentence rendered after he pleaded guilty to multiple counts of robbery and abduction.   We affirm.

{¶2} In 2016, Newton was charged in Cuyahoga C.P. No. CR-16-602726-C with four counts of aggravated robbery, four counts of robbery, four counts of kidnapping, and one count of felonious assault.   The counts contained one- and three-year firearm specifications.   The date of the offense was December 5, 2015.   He was charged in Cuyahoga C.P. No. CR-16-604326-B with one count each of aggravated robbery, robbery, and kidnapping; the counts contained one- and three-year firearm specifications.   He was also charged with one count of theft.   The date of the offense was December 23, 2015.

{¶3} Newton entered into plea negotiations with the state of Ohio and agreed to enter a guilty plea in Case No. CR-16-602726-C to four counts of robbery and four counts of abduction.   Three of the robbery counts contained three-year firearm specifications. In Case No. CR-16-604326-B, he agreed to plead guilty to one count of robbery with a one-year firearm specification and one count of abduction.

{¶4} The following facts are adduced from the plea and sentencing hearings.   As to Case No. CR-16-602726-C, at approximately 6:20 p.m. on December 5, 2015, Newton and two codefendants approached a priest in the parking lot of Holy Rosary Church on Mayfield Road in Cleveland.   The men pointed guns at the priest and demanded his car keys.   All three men began to hit the priest with their guns.   A bystander heard the

priest's calls for help and came to the priest's aid only to have the three men turn their guns on him. Newton and his codefendants searched the good Samaritan's pockets before fleeing the scene.

{¶5} Minutes later, "between six and seven o'clock," a student at Case Western University Law School was walking home from school when Newton and his two codefendants passed by her walking the other way. Newton grabbed the student's purse. She resisted, fell to the ground, and one of the men put a gun to her head. He took the student's wallet and ran.

{¶6} The third robbery occurred shortly thereafter in a nearby Rite Aid parking lot. An 83-year old man was sitting in his car when Newton and his two codefendants approached. One of the men had a shotgun and used it to tap on the elderly man's car window. They demanded the man give them his car keys. The elderly man complied, got out of his car, and went into the store. When the man came back outside, his car was still in the parking lot, presumably, the man told police, because it was difficult to start. Newton and his accomplices had fled the scene.

{¶7} The following facts support Case No. CR-16-604326-B. On December 23, 2015, Richmond Heights police received a 911 call from a man reporting he had just been robbed by two unknown men. The police later learned that the man was in his car with the two unknown men for the purpose of selling drugs to the men. The assailant sitting in the backseat, whom the victim later identified as Newton, pulled out a gun and demanded the drugs and the victim's car keys, phone, and shoes.

**{¶8}** The trial court sentenced Newton to 10 years on the firearm specifications to be served prior to and consecutive to 12 years on the underlying offenses for a total of 22 years in prison.

**{¶9}** Newton now appeals, raising the following assignments of error for our review:

> I. The trial court erred in the imposition of consecutive firearm specifications as the offenses were committed as part of the same criminal transaction, therefore, the sentence is void.
>
> II. Trial counsel was ineffective by failing to research and advise client and trial court of error in sentencing on firearm specifications.

**{¶10}** As an initial matter, we note that although Newton's notice of appeal includes Case No. CR-16-604326-B, Newton does not raise any assignments of error as to this case. Therefore, his conviction and sentence in this case are summarily affirmed.

**{¶11}** In the first assignment of error, Newton argues that the trial court erred when it sentenced him to consecutive firearm specifications because the crimes he committed in Case No. CR-16-602726-C were part of the same act or transaction.

**{¶12}** Newton was convicted of multiple three-year firearm specifications pursuant to R.C. 2929.14(B)(1)(a)(ii). R.C. 2929.14(B)(1)(b) provides that if a court imposes a prison term on an offender under R.C. 2929.14(B)(1)(a), the court "shall not impose more than one prison term" on that offender for felonies committed as part of the same act or transaction, save some exclusions that are not applicable to this case. Newton argues that the robberies that occurred on December 5, 2015, were all part of the same act or transaction, therefore, the court erred in sentencing Newton to consecutive sentences.

**{¶13}** A "transaction" has been defined as "'a series of continuous acts bound together by time, space and purpose, and directed toward a single objective.'" *State v. Wills*, 69 Ohio St.3d 690, 691, 635 N.E.2d 370 (1994), quoting *State v. Caldwell*, 9th Dist. Summit No. 14720, 1991 Ohio App. LEXIS 5879, *12 (Dec. 4, 1991). In determining whether felonies are committed as part of the same act or transaction, "[t]he test is not whether there was a separate animus for each offense; the appro[p]riate consideration is whether the defendant 'had a common purpose in committing multiple crimes' and engaged in a 'single criminal adventure.'" *State v. Like*, 2d Dist. Montgomery No. 21991, 2008-Ohio-1873, ¶ 40, quoting *State v. Adams*, 7th Dist. Mahoning No. 00 CA 211, 2006-Ohio-1761, ¶ 54, 57.

**{¶14}** Newton cites *Adams* to support his position that the facts of the instant case do not present sufficient separate purposes to support consecutive sentences for the gun specifications. In *Adams*, the court found that the appellant's two convictions for attempted murder and the attendant firearm specifications appeared to be part of his overall plan to steal drugs from one of the victims (Lovejoy) and the appellant attacked the other victim (Brown) as part of that singular plan. The court noted that:

> Appellant shot Brown in the eye, and Brown ran. Thereafter, Brown heard five more shots. During this time, Appellant and Lovejoy struggled for the gun, and Lovejoy was shot twice. Lovejoy also ran, and Appellant chased Brown and beat and choked him until Brown played dead before driving away in Lovejoy's car.
>
> * * * Appellant evidently felt compelled to kill Brown to cover up his
>
> robbery. Accordingly, both of Appellant's attempted murder convictions

appear to stem from the same criminal transaction and both were directed at the same criminal purpose, i.e., to steal Lovejoy's marijuana.

*Id.* at ¶ 65-66.

{¶15} Thus, in *Adams*, the robberies were all part of the same transaction in an attempt to steal one victim's drugs.

{¶16} This case is distinguishable. One of the three-year firearm specifications was linked to the robbery of the priest and the good Samaritan (the three-year firearm specification as to each victim merged as part of Newton's plea). The second three-year firearm specification was part of the robbery of the law student. That crime occurred in a different location and subsequent to the robbery of the priest and good Samaritan. The third three-year firearm specification occurred over an hour later in the parking lot of Rite Aid when Newton and his cohorts tried to carjack an elderly man.

{¶17} Although Newton and his codefendants committed three robberies as part of a single evening crime spree, their purpose or intent behind each crime was to rob separate victims. Each robbery was a separate criminal transaction with a separate criminal purpose or objective. Therefore, the trial court did not err in running the firearm specifications consecutive to one another.

{¶18} In light of the above, the first assignment of error is overruled.

{¶19} In the second assignment of error, Newton claims that his trial counsel was ineffective because counsel did not tell the trial court that the court could not run the firearm specifications consecutively.

{¶20} A criminal defendant has the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We review a claim of ineffective assistance of counsel under the two-part test set forth in *Strickland*. First, we consider whether counsel's performance was deficient, i.e., whether counsel's performance fell below an objective standard of reasonable representation. *Id.* at 687-688. This requires a showing that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687.

{¶21} If we determine that counsel's performance was deficient, we must then determine whether the errors prejudiced the defendant. *Id.* at 692. A defendant establishes prejudice if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "Reasonable probability" is "probability sufficient to undermine confidence in the outcome." *Id.*

{¶22} Because there are "countless ways to provide effective assistance in any given case," judicial scrutiny of a lawyer's performance must be "highly deferential." *Id.* at 689. "Decisions on strategy and trial tactics are generally granted a wide latitude of professional judgment," and it is "not the duty of a reviewing court to analyze the trial counsel's legal tactics and maneuvers." *State v. Mhoon*, 8th Dist. Cuyahoga No. 98832, 2013-Ohio-2090, ¶ 26, citing *Strickland* at *id.* Therefore,

> a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the

defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

*Id.*, citing *id.*

**{¶23}** Newton has the burden of demonstrating that his counsel rendered ineffective assistance. *Strickland* at 687; *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 62. As we found under the first assignment of error, the trial court did not err in running the firearm specifications consecutive to one another; therefore, the record does not support Newton's claims that his trial counsel's performance was deficient.

**{¶24}** The second assignment of error is overruled.

**{¶25}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LARRY A. JONES, SR., JUDGE

EILEEN A. GALLAGHER, P.J., and
MARY EILEEN KILBANE, J., CONCUR