[Cite as *State v. Dixon*, 2022-Ohio-2807.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HOCKING COUNTY

STATE OF OHIO,                          :

    Plaintiff-Appellee,            : CASE NO. 21CA8

    v.                             :

MELODY DIXON,                           : DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.           :

_____

APPEARANCES:

Alisa Turner, Glouster, Ohio, for appellant[1].

Andrea K. Boyd, Special Prosecuting Attorney, Assistant Attorney
General, Columbus, Ohio, for appellee.
_____
CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED:8-5-22
ABELE, J.

{¶1}  This is an appeal from a Hocking County Common Pleas
Court judgment of conviction and sentence.  After Melody Dixon,
defendant below and appellant herein, pleaded guilty to three
counts of tampering with evidence and two counts of obstructing
justice, the trial court sentenced her to serve a total of nine
years in prison.

_____
[1] Different counsel represented appellant during the trial
court proceedings.

**{¶2}** Appellant assigns four errors for review:

FIRST ASSIGNMENT OF ERROR:

"APPELLANT'S COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL FOLLOWING THE TRIAL COURT DECISION ON THE DEFENSE MOTION TO DISMISS FOR VIOLATION OF APPELLANT'S SPEEDY TRIAL RIGHTS AND CONTINUING THROUGH THE SENTENCING HEARING."

SECOND ASSIGNMENT OF ERROR:

"THE TRAIL [SIC.] COURT FAILED TO PROPERLY CONSIDER THE SERIOUSNESS AND RECIDIVISM FACTORS OF O.R.C. 2929.12 AND THE PURPOSES OF FELONY SENTENCING IN R.C. 2929.11."

THIRD ASSIGNMENT OF ERROR:

"PROSECUTORIAL MISCONDUCT IMPROPERLY INFLUENCED THE TRIAL COURT, PREJUDICING THE APPELLANT'S RIGHT TO A FAIR SENTENCING HEARING AND THE PROSECUTOR FAILED TO HONOR THE PLEA AGREEMENT."

FOURTH ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED BY NOT DISMISSING THE INDICTMENT FOR VIOLATION OF APPELLANT'S RIGHT TO A SPEEDY TRIAL PURSUANT TO O.R.C. 2945.73(A)."

**{¶3}** On or about July 3, 2020, Michael Dixon, appellant's father, shot and killed James Whitaker. The prosecution alleged that appellant (1) had been present when the homicide occurred, (2) assisted in the disposal of the victim's body, and (3) lied to law enforcement about what occurred.

**{¶4}** On July 28, 2020, law enforcement authorities arrested appellant for obstructing justice in violation of R.C.

2921.32(A)(5), a fifth-degree felony (Case Number 20CR0140). The complaint alleged that on July 27, 2020, appellant knowingly "made a false statement in which she later admitted to during the course of a felony investigation that was being conducted at 23605 Chestnut Grove Road." At appellant's July 30, 2020 arraignment, the trial court set a $100,000 bond, but later modified bond to $300,000.

{¶5} On September 25, 2020, a Hocking County Grand Jury returned an indictment that charged appellant with (1) obstructing justice in violation of R.C. 2921.32(A)(5)/(C)(4), a third-degree felony, and (2) obstructing justice in violation of R.C. 2921.32(A)(5)/(C)(3), a fifth-degree felony. At appellant's October 1, 2020 arraignment, the trial court modified appellant's bond to $500,000 and set an October 21, 2020 trial date. Appellant also filed a motion for discovery.

{¶6} On October 9, 2020, appellee filed a motion for a continuance due to the "complexity of the case, possible additional charges and to promote court efficiency * * * 198 days can be credited towards the 270 days required under R.C. 2945.71(C)(2). However, the state believes that time is currently tolled (since Oct. 1, 2020) while Defendant's Request for Discovery is being fulfilled." The trial court continued the jury trial in Case No.

20CR0140 to October 29, 2020.

{¶7} On October 23, 2020, a Hocking County Grand Jury returned an indictment in Case No. 20CR0202 that charged appellant with (1) seven counts of tampering with evidence in violation of R.C. 2921.12(A)(1)/(B), third-degree felonies, (2) one count of gross abuse of a corpse in violation of R.C. 2927.01(B)/(C), a fifth-degree felony, (3) one count of obstructing justice in violation of R.C. 2921.32(A)(5)/(C)(3), a fifth-degree felony, (4) one count of obstructing justice in violation of R.C. 2921.32(A)(5)/(C)(4), a third-degree felony, and (5) one count of engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1)/(B)(1), a first-degree felony. Five days later, the trial court dismissed Case No. 20CR0140 without prejudice due to the superseding indictment.

{¶8} At appellant's October 29, 2020 arraignment, appellant entered not guilty pleas and the trial court scheduled a January 20, 2021 jury trial. However, on November 20, 2020, the trial court sua sponte continued all jury trials due to the COVID-19 pandemic. Appellant also filed a second discovery request on December 2, 2020, and the state responded on December 14, 2020. On January 11, 2021, the trial court again sua sponte continued appellant's January 20, 2021 jury trial due to the COVID-19

pandemic and noted that, for purposes of speedy trial, the delay did not count against the state. The court then scheduled a jury trial on February 16 and 17, 2021.

{¶9} On February 8, 2021, appellant requested a dismissal of charges and asserted that the state did not bring her to trial within the R.C. 2945.71 and 2945.72 speedy trial time requirements. At the motion hearing, Hocking County Sheriff's Lieutenant Detective Dustin Robison testified that he investigated James Whitaker's death and, when asked "at what point in time would you consider your investigation complete," Robison replied, "Right now I believe it's still not complete. There's still questions out there that we do not know, that we are still seeking the truth." Robison testified that appellant's initial obstruction charges related to her July 2020 false statements about the victim's disappearance. Concerning the second indictment, Robison testified that appellant made false statements at least three times in one interview. On March 30, 2021, the trial court denied appellant's motion on all counts, except counts nine and ten for which the court reserved judgment.

{¶10} At appellant's May 18, 2021 change of plea hearing, the trial court first advised appellant of her constitutional rights. When the court asked "anything unusual about your present mental or

physical condition," appellant indicated she had been treated for depression and post-traumatic stress disorder (PTSD) in the past, but her plea is knowing, intelligent, and voluntary. Appellant then pleaded guilty to Counts 4, 5, and 7 tampering with evidence, all third-degree felonies; Count 9 obstructing justice, a fifth-degree felony; and Count 10 obstructing justice, a third-degree felony.

{¶11} At appellant's June 17, 2021 sentencing hearing, the trial court indicated it had reviewed the sentencing memorandum and pre-sentence investigation report. Also, all four of the victim's daughters and the victim's neighbor spoke at sentencing. On appellant's behalf, appellant's counsel read appellant's prepared statement. The trial court commented, "the defendant's life as a child was far from ideal, and certainly I'm sure that had an influence on what occurred. However, it doesn't excuse it."

{¶12} After the trial court heard the statements and reviewed the memorandum and the report, the court sentenced appellant to serve (1) three years in prison on each of Counts 4, 5, and 7, (2) twelve months in prison on Count 9, and (3) three years in prison on Count 10. The court further ordered (1) the sentences in Counts 4, 5, and 7 to be served consecutively for a total of nine years, and (2) the sentences in Counts 9 and 10 to be served concurrently

with Counts 4, 5, and 7, for a nine-year total sentence. Finally, the court ordered appellant to serve a three-year post-release control term and dismissed Counts 1, 2, 3, 6, 8, and 11. This appeal followed.

I.

{¶13} In her first assignment of error, appellant asserts that her trial counsel failed to provide effective assistance of counsel. In particular, appellant claims that her counsel failed to (1) preserve the issue of appellant's speedy trial rights by allowing her to enter a guilty plea, (2) object to the trial court's decision that partially overruled her motion to dismiss based on speedy trial violations, (3) object to the prosecutor's improper sentencing statements, (4) object to the victim's daughters' sentencing statements, (5) explain the impact of appellant's PTSD and childhood trauma, or obtain an expert to do so, and (6) direct the court to consider R.C. 2929.12 and 2929.12(C)(1) at sentencing.

{¶14} The Sixth Amendment to the United States Constitution, and Article I, Section 10 of the Ohio Constitution, provides that defendants in all criminal proceedings shall have the assistance of counsel for their defense. To establish constitutionally ineffective assistance of counsel, a defendant must show that (1)

counsel's performance was deficient, and (2) the deficient performance prejudiced the defense and deprived the defendant of a fair trial. *Id.* at 687. To establish deficient performance, a defendant must prove that counsel's performance fell below an objective level of reasonable representation. *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810, ¶ 95. Additionally, a court need not analyze both *Strickland* test prongs if it can resolve the claim under one prong. *See State v. Madrigal*, 87 Ohio St.3d 378, 389, 721 N.E.2d 52 (2000); *State v. Bowling*, 4th Dist. Jackson No. 19CA2, 2020-Ohio-813, ¶ 12-13.

**{¶15}** When a court examines whether counsel's representation amounts to deficient performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland* at 689, 466 U.S. 668, 104 S.Ct. 2052. Moreover, because a properly licensed attorney is presumed to execute all duties ethically and competently, *State v. Taylor*, 4th Dist. Washington No. 07CA11, 2008-Ohio-482, ¶ 10, to establish ineffectiveness a defendant must demonstrate that counsel's errors were "so serious" that counsel failed to function "as the 'counsel' guaranteed * * * by the Sixth Amendment." *Strickland* at 687, 466 U.S. 668, 104 S.Ct. 2052.

A.

HOCKING, 21CA8

{¶16} Initially, appellant asserts that her trial counsel failed to provide effective assistance when appellant's no-contest plea failed to preserve various issues for appeal. Appellant points out that when she entered her guilty pleas, the trial court had not yet ruled on her Count 9 and 10 speedy trial claim, that she did not know the court would not rule on Counts 9 and 10, and she did not know her guilty pleas would waive all speedy trial issues. Appellant thus argues that her trial counsel failed to: (1) advise her to enter a no contest plea to preserve the speedy trial issue, and (2) request a final ruling for Counts 9 and 10, or specifically indicate on the record whether appellant knew that a guilty plea would waive the issue for appeal. Appellant further argues that she suffered prejudice because her speedy trial claims were likely to succeed on appeal.

{¶17} Crim.R. 12(H) provides "[t]he plea of no contest does not preclude a defendant from asserting upon appeal that the trial court prejudicially erred in ruling on a pretrial motion * * *," *see also State v. Luna,* 2 Ohio St.3d 57, 58, 442 N.E.2d 1284 (1982). A guilty plea, however, waives a defendant's right to challenge R.C. 2945.71 statutory speedy trial claims. *State v. Kelley,* 57 Ohio St.3d 127, 566 N.E.2d 658 (1991), paragraph one of the syllabus.

**{¶18}** Generally, when considering an ineffective assistance claim, a defendant must overcome a presumption that counsel's challenged action might be considered sound trial strategy. *State v. Hankison*, 4th Dist. Scioto No. 09CA3326, 2010-Ohio-4617, at ¶ 105. Relevant to this case, "the strategic decision of a trial attorney will not form the basis of a claim of ineffective assistance of counsel, even if there may have been a better strategy available." *State v. Jackson,* 4th Dist. Pickaway No. 11CA20, 2012-Ohio-6276, ¶ 56, quoting *State v. Komora*, 11th Dist. Geauga No. 96-G1994, 1997 WL 184758, *3 (Apr. 4, 1997), citing *State v. Clayton*, 62 Ohio St.2d 45, 49, 402 N.E.2d 1189 (1980). Further, judicial scrutiny of a lawyer's performance is highly deferential. *State v. Sallie*, 81 Ohio St.3d 673, 693 N.E.2d 267; *State v. Newton,* 2017-Ohio-7068, 95 N.E.3d 789 (8th Dist.).

**{¶19}** In the case sub judice, appellee argues that nothing in the record indicates that (1) the state would have agreed to resolve this case with no contest pleas to the five offenses to which appellant pleaded guilty and (2) the trial court would have been willing to accept no contest pleas. Importantly, as appellee observes, appellant did, in fact, receive a significant benefit in exchange for her guilty pleas. Pursuant to the parties' plea agreement, the court dismissed six felony charges, including

engaging in a pattern of corrupt activity, a first-degree felony.

Thus, appellee argues, although a no contest plea may have

preserved appellant's right to challenge the speedy trial issue,

appellant instead chose to plead guilty in exchange for the

dismissal of six felony charges.

{¶20} Our review of the record reveals that the trial court

informed appellant that her guilty plea would result in a waiver of

her speedy trial rights. When the court asked appellant if she

understood that she would be "giving up [her] right to a speedy

public jury trial?," appellant indicated she understood. After the

court thoroughly explained all other rights appellant would waive

with her guilty plea, appellant chose to plead guilty to four

third-degree felonies and one fifth-degree felony. Appellant also

signed a "Petition to Enter Plea of Guilty," which provides that

her guilty plea waives "any and all constitutional, statutory, or

factual defenses with respect to such crimes and this case."

{¶21} In *State v. McCann*, 4th Dist. Lawrence No. 10CA12, 2011-
Ohio-3339, the defendant expressly waived his statutory speedy

trial right and pled guilty. *Id.* at ¶ 16. This court wrote that

when "an accused enters a plea of guilty he waives his right to

raise the denial of his right to a speedy trial on appeal." *Id.*
at ¶ 17, citing *Montpelier v. Greeno*, 25 Ohio St.3d 170, 495 N.E.2d

581 (1986).  As we observed, "[a] plea of guilty constitutes a complete admission of guilt * * * and waives the right to claim that the accused was prejudiced by constitutionally ineffective counsel, except to the extent the defects complained of caused the plea to be less than knowing and voluntary."  *State v. Floyd*, 4th Dist. Scioto No. 92CA2102, 1993 WL 415287 (Oct.13, 1993), quoting *State v. Barnett* (1991), 73 Ohio App.3d 244, 248-249, 596 N.E.2d.

**{¶22}** In the case sub judice, we find nothing in the record to indicate that appellant's decision to enter a guilty plea was not a voluntary act and could have been sound trial strategy.  *See State v. Frankle*, 2015-Ohio-1581, 31 N.E.3d 1290, ¶ 24 (2d Dist.)(in exchange for plea, state dismissed three other charges).  Here, in exchange for appellant's guilty pleas, the state dismissed six additional felony charges.  In light of these benefits, counsel reasonably may have decided that the best course of action included entering the guilty pleas.  Moreover, appellant had the opportunity, but did not express to the trial court, any desire to refuse to plead guilty and raise on appeal a speedy trial issue.

**{¶23}** Thus, after our review we do not believe that trial counsel failed to provide effective assistance of counsel when appellant entered guilty pleas and received the benefit of having six felony charges dismissed.  Here, appellant also failed to

establish prejudice. Furthermore, the record reveals that trial court fully advised appellant of the consequences of her guilty pleas and that she entered her pleas knowingly, voluntarily and intelligently.

B.

**{¶24}** Appellant also contends that her trial counsel's failure to object to the trial court's decision that partially overruled her motion to dismiss constitutes ineffective assistance. Appellant argues that, because trial counsel demonstrated that the state did not bring appellant to trial within the relevant statutory period, the burden should have shifted to the state to establish that speedy trial time had not expired. *State v. Butcher*, 27 Ohio St.3d 28, 31, 500 N.E.2d 1368 (1986). Appellant claims that the state conceded that the first and second indictments are part of the same transaction, but that the trial court "abandoned the position of neutral fact finder tasked with construing ambiguity in the record in favor of the defendant and went about attempting to save the indictment for the State." Further, appellant contends that trial counsel failed to object when the court declined to rule on counts nine and ten, but instead stated in its March 30, 2021 decision that it would "rule on these counts at trial." Appellant now argues she would not have entered

guilty pleas to counts nine and ten if the trial court had dismissed those counts.

**{¶25}** The decision of counsel whether to object, or not to object, ordinarily constitutes a question of trial strategy. *State v. Whitehead*, 4th Dist. Scioto No. 20CA3931, 2022-Ohio-479, ¶ 64, citing *State v. Frierson,* 8th Dist. Cuyahoga No. 105618, 2018-Ohio-391, ¶ 25, citing *State v. Johnson*, 7th Dist. Jefferson No. 16 JE 0002, 2016-Ohio-7937, ¶ 46.  Thus, "the failure to make objections is not alone enough to sustain a claim of ineffective assistance of counsel."  *Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, at ¶ 103.

**{¶26}** Moreover, as we indicated above, in the case sub judice trial counsel negotiated a plea agreement that resulted in the dismissal of six felony counts.  Consequently, appellant's guilty pleas waived, not only her right to challenge the speedy trial issue, but also any claim of ineffective assistance of counsel based upon the waiver of those speedy trial issues.  *See State v. Miller,* 8th Dist. Cuyahoga No. 94790, 2011-Ohio-928, ¶ 15-18.  Thus, we do not find merit to the argument that trial counsel "[f]ailed to use objections, despite numerous and clear reasons for doing so."  *State v. Johnson*, 112 Ohio St.3d 210, 2006-Ohio-6404, 858 N.E.2d 1133, ¶ 140.

**{¶27}** Accordingly, we do not believe that trial counsel's decision not to enter an objection could be considered to constitute deficient performance.

C.

**{¶28}** Appellant also asserts that at sentencing, her trial counsel failed to object to the prosecutor's improper statements. In particular, appellant argues that the prosecutor inappropriately urged the court to sentence appellant based on conduct that she did not personally engage in and to which she had not pleaded guilty.

**{¶29}** Appellant claims that her trial counsel should have objected when the prosecutor: (1) characterized appellant's crimes as "the worst type of these offenses," (2) mentioned the time between the victim's death and the state's discovery of appellant's involvement, (3) made the statement that "[t]his was after they killed him *** after he was killed and put in the burn pit as you heard from the trial," and (4) mentioned the impact appellant and her father's actions have had on the victim's family. Appellant argues that these statements (1) constitute prosecutorial misconduct and establish counsel's ineffectiveness for the failure to challenge them, (2) led the trial court astray and encouraged the court to consider appellant's father's crimes when it sentenced appellant, and (3) constituted a breach of the parties' plea

agreement.

**{¶30}** "The test for prosecutorial misconduct is whether the conduct complained of deprived the defendant of a fair trial." *State v. Jackson*, 92 Ohio St.3d 436, 441, 751 N.E.2d 946 (2001), citing *State v. Apanovitch*, 33 Ohio St.3d 19, 24, 514 N.E.2d 394 (1987). "Isolated comments by a prosecutor are not to be taken out of context and given their most damaging meaning." *State v.* Hill, 75 Ohio St.3d 195, 204, 661 N.E.2d 1068, (1996). Further, a defendant has the burden to show that a reasonable probability exists that, but for the prosecutor's misconduct, the result of the proceeding would have been different. *State v. Loza*, 71 Ohio St.3d 61, 78-79, 641 N.E.2d 1082, (1994), overruled on other grounds.

**{¶31}** "Courts have consistently held that evidence of other crimes, including crimes that never result in criminal charges being pursued, or criminal charges that are dismissed as a result of a plea bargain, may be considered at sentencing." *State v. Starkey,* 7th Dist. Mahoning No. 06 MA 110, 2007-Ohio-6702, ¶ 16, citing *State v. Cooey*, 46 Ohio St.3d 20, 35, 544 N.E.2d 895 (1989). *See also State v. Scheer*, 158 Ohio App.3d 432, 2004-Ohio-4792, 816 N.E.2d 602, ¶ 17 (4th Dist.) (court free to consider dismissed charges when determining appropriate sentence); *State v. Bowser,*

186 Ohio App.3d 162, 2010-Ohio-951, 926 N.E.2d 714, ¶ 15 (2d Dist.)(court may consider information beyond that strictly related to the conviction offense, and evidence inadmissible at trial, like hearsay, and consider evidence entirely unrelated to the conviction offense); *accord State v. Beaver*, 4th Dist. Washington No. 07CA62, 2008-Ohio-4513, ¶ 13, *State v. Pitzer,* 4th Dist. Highland No. 19CA23, 2020-Ohio-4322, ¶ 16.

**{¶32}** Consequently, in the case sub judice after our review of the sentencing hearing transcript, we find no impropriety. Here, it would have been very difficult to reference appellant's actions in a vacuum without also alluding to appellant's father's interrelated crimes. Also, in the context of appellant's sentencing hearing, the overwhelming majority of appellee's statements directly related to appellant's conduct. We do not believe that the prosecution made improper comments about appellant's offenses or other matters.

**{¶33}** Furthermore, even if we considered, for purposes of argument, that the prosecutor's comments could be deemed to be improper, appellant did not establish prejudice. The transcript reveals that the trial court knew and understood the salient facts involved in this matter and stated, "the defendant did not kill, but she did hide what happened." Finally, the prosecutor's

comments did not constitute a breach of the plea agreement. As we noted above, prosecutorial statements that concern dismissed charges or uncharged crimes are permissible and may be useful to fully inform a sentencing judge about the totality of the particular situation.

{¶34} Accordingly, we do not believe appellant established that trial counsel's failure to object to the prosecutor's statements was so unreasonable as to constitute deficient performance.

D.

{¶35} Appellant further asserts that her trial counsel's failure to object to the statements from the victim's daughters constitutes deficient performance. Appellant argues that, in light of the nature of the particular charges (obstruction of justice and tampering with evidence), the actual victim in this case is "justice," not the decedent James Whitaker nor the murder victim's family. Appellant thus claims that her trial counsel should have objected to the statements from the victim's four daughters.

{¶36} In the case at bar, however, we conclude that no error occurred with the trial court's consideration of the victim impact testimony because it is "information relevant to the imposition of sentence in the case," pursuant to R.C. 2929.19(A). Here, no prejudice occurred and appellant failed to show that trial

counsel's decision not to object constitutes a deficient performance.

E.

{¶37} Appellant further asserts that trial counsel's failure to fully explain to the court the impact of appellant's post-traumatic stress disorder (PTSD) and childhood trauma, or to obtain a defense expert to do so, constitutes a deficient performance.

{¶38} Our review of the record reveals that the pre-sentence investigation report (PSI) thoroughly detailed appellant's very sad and traumatic childhood, in which multiple men allegedly victimized her. The PSI also outlined appellant's mental health issues. Further, as appellee notes, the trial court had been fully aware of appellant's PTSD diagnosis and stated that it "had an influence on what occurred," but concluded that "it doesn't excuse it."

{¶39} Appellant also claims that PTSD and childhood trauma could have been a defense to the various charges if counsel had argued that her trauma negated the intent element of the crimes. However, as appellee observes, appellant (1) cites no authority for her contention that PTSD could have been a complete defense to the charges, and (2) failed to show prejudice.

{¶40} Therefore, after our review we believe that appellant did not establish that counsel's actions were so unreasonable as to

HOCKING, 21CA8

constitute ineffective assistance.

F.

{¶41} Finally, appellant asserts that her trial counsel failed to (1) direct the trial court to consider the R.C. 2929.12 and R.C. 2929.12(C)(1) sentencing factors, and (2) explain how the victim ("justice") induced and facilitated these offenses. Appellant claims that, because she had been victimized in the past and had provided names to law enforcement, she believes the fact that law enforcement failed to take appropriate action taught her that "she is responsible for the crimes committed against her." Therefore, appellant maintains, the justice system does not have clean hands and appellant will serve prison time for "killing [the victim] even though she was not responsible for his killing."

{¶42} Our review in the case sub judice reveals, however, that the trial court did not impose sentence for killing the victim. Rather, the court sentenced appellant for the failure to report a murder, then lying about it and assisting in the cover-up of the crime. Although this court is sympathetic to appellant's traumatic childhood, as the trial court aptly stated, appellant is responsible for her criminal acts.

{¶43} Thus, because appellant failed to establish ineffective assistance or prejudice, we overrule appellant's first assignment

of error.

II.

**{¶44}** In her second assignment of error, appellant asserts that, prior to imposing sentence, the trial court (1) failed to properly consider the R.C. 2929.11 purposes of felony sentencing and the R.C. 2929.12 seriousness and recidivism factors, and (2) improperly imposed maximum sentences. However, as appellee points out, appellant does not argue that her sentence is contrary to law, but instead argues that the record does not support the sentence.

R.C. 2953.08(G)(2)(a) provides:

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

**{¶45}** R.C. 2929.11 addresses the purposes of felony sentencing, while R.C. 2929.12 addresses factors a court should consider when it imposes a sentence under R.C. 2929.11. "[N]either R.C. 2929.11 nor 2929.12 requires a trial court to make any specific factual

findings on the record." *State v. Jones,* 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 20; *State v. Wilson,* 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31.  Thus, "a trial court is required only to 'carefully consider' the factors in R.C. 2929.11 and R.C. 2929.12 when imposing sentence." *State v. Allen*, 4th Dist. Pickaway No. 19CA31, 2021-Ohio-648, ¶ 13, citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38; *State v. Kulchar*, 4th Dist. Athens No. 10CA6, 2015-Ohio-3703, ¶ 47; *State v. Rothwell,* 4th Dist. Adams No. 20CA1122, 2021-Ohio-1700, ¶ 9.  In *Jones* at ¶ 28, the court wrote:

> R.C. 2953.08(G)(2)(a) permits an appellate court to modify or vacate a sentence if it clearly and convincingly finds that 'the record does not support the sentencing court's findings under' certain specified statutory provisions. But R.C. 2929.11 and 2929.12 are not among the statutory provisions listed in R.C. 2953.08(G)(2)(a).  Only R.C. 2929.13(B) and (D), 2929.14(B)(2)(e) and (C)(4), and 2929.20(I) are specified.

The *Jones* court further stated:

> Nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12.  In particular, R.C. 2953.08(G)(2) does not permit an appellate court to conduct a freestanding inquiry like the independent sentence evaluation this court must conduct under R.C. 2929.05(A) when reviewing a death penalty-sentence. *See State v. Hundley*, 162 Ohio St.3d 509, 2020-Ohio-3775, 166 N.E.3d 1066, ¶ 128 (recognizing that R.C. 2929.05(A) requires de novo review of findings and other issues within its scope).

*Id.* at ¶ 4; *State v. Arbogast*, 4th Dist. Adams No. 20CA1119, 2021-Ohio-484, ¶ 7; *State v. Brodt*, 4th Dist. Adams No. 21CA1140, 2022-Ohio-1528, ¶ 10.

**{¶46}** In the case sub judice, the trial court sentenced appellant to serve a three-year prison term on each of Counts 4, 5, and 7 (tampering with evidence), a twelve-month prison term on Count 9 (obstructing justice), and a three-year prison term on Count 10 (obstructing justice), with the sentences in Counts 4, 5, and 7 to be served consecutively for a total of nine years, and the sentences in Counts 9 and 10 to be served concurrently with the sentences in Counts 4, 5, and 7. Additionally, the court ordered appellant to serve a three-year post-release control term and dismissed Counts 1, 2, 3, 6, 8, and 11.

**{¶47}** Appellant argues that the R.C. 2929.12 factors do not support maximum sentences because none of the R.C. 2929.12(B) factors apply, while all of the R.C. 2929.12(C) and (D) factors do apply. Further, appellant argues that the R.C. 2929.12(E) factors weight in appellant's favor. Finally, appellant contends that the court did not carefully consider any R.C. 2929.12 factors, but rather conflated her actions with her father's actions and, in effect, sentenced appellant for her father's crimes.

**{¶48}** Our review of the record reveals that, in the case at

bar, the trial court stated that it considered the record, oral statements, and the presentence investigation report. The sentencing hearing transcript also reflects that the court stated, "[t]he sentence is consistent with the principles of sentencing in the state of Ohio" pursuant to R.C. 2929.11. Further, the sentencing entry provides "[t]he Court has considered the record, oral statements and any victim impact statements, as well as the principles and purposes of sentencing under R.C. 2929.11, and the seriousness and recidivism factors under R.C. 2929.12."

{¶49} Here, appellant appears to request this appellate court to independently weigh evidence and substitute our judgment for that of the trial court to arrive at the sentence that best reflects compliance with R.C. 2929.11 and R.C. 2929.12. However, this court may not do so because *Jones* does not permit an appellate court to engage in this process. *Brodt* at ¶ 11; *Whitehead* at ¶ 109; *State v. Smith,* 4th Dist. Scioto No. 20CA3934, 2022-Ohio-371, ¶ 127.

{¶50} Accordingly, based upon the foregoing reasons, we overrule appellant's second assignment of error.

III.

{¶51} In her third assignment of error, appellant asserts that prosecutorial misconduct improperly influenced the trial court,

prejudiced her right to a fair sentencing hearing, and resulted in the prosecutor's failure to honor the parties' plea agreement.

**{¶52}** As we outlined above, "[t]he test for prosecutorial misconduct is whether the conduct complained of deprived the defendant of a fair trial." *State v. Jackson*, 92 Ohio St.3d 436, 441, 751 N.E.2d 946 (2001), citing *Apanovitch*, 33 Ohio St.3d at 24; *State v. Keenan*, 66 Ohio St.3d 402, 405, 613 N.E.2d 203 (1993); *State v. Benge,* 4th Dist. Adams No. 20CA1112, 2021-Ohio-152, ¶ 54. Therefore, "[t]he touchstone of the analysis 'is the fairness of the trial, not the culpability of the prosecutor.' " *State v. Powell*, 132 Ohio St.3d 233, 2012-Ohio-2577, 971 N.E.2d 865, ¶ 149, quoting *Smith v. Phillips*, 455 U.S. 209, 219, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982). "The Constitution does not guarantee an "error free, perfect trial." *State v. Landrum*, 53 Ohio St.3d 107, 112, 559 N.E.2d 710 (1990). Moreover, "a judge is presumed to be capable of separating what may be properly considered from what may not be considered." *In re Disqualification of Forsthoefel*, 135 Ohio St.3d 1316, 2013-Ohio-2292, 989 N.E.2d 62, ¶ 9. Here, after our review, we conclude that appellant has not overcome the presumption that the trial court conducted a fair sentencing hearing and properly imposed appellant's sentence.

**{¶53}** Appellant claims that the prosecutor "improperly urged

the court to sentence [appellant] based upon conduct she did not engage in and to which she had not pleaded guilty." Once again, however, we believe that the prosecutor's references to the murder, when discussing appellant's obstructing justice and tampering with evidence, provided important context for the court's consideration. In general, at sentencing a prosecutor may comment on the crime as a whole, including, as we point out above, uncharged crimes and charges dismissed pursuant to plea agreements. *See State v. Staggs*, 4th Dist. Gallia No. 16CA19, 2017-Ohio-7368, ¶ 15, citing *State v. Hansen*, 7th Dist. Mahoning No. 11 MA 63, 2012-Ohio-4574, ¶ 22, quoting *State v. Starkey*, 7th Dist. Mahoning No. 06 MA 110, 2007-Ohio-6702, ¶ 17; *Cooey*, 46 Ohio St.3d at 35 (court can consider uncharged crimes as part of defendant's social history); *State v. France*, 5th Dist. Richland No. 15CA19, 2015-Ohio-4930, ¶ 20 (uncharged crimes and charges dismissed pursuant to plea agreements may be considered as factors during sentencing). Here, appellant's evidence was intertwined with her father's actions, but the trial court could differentiate between the two defendants.

**{¶54}** Finally, appellant argues that the prosecutor's comments breached the parties' plea agreement. Appellant states that "it is clear by what charges were dismissed and what charges were pleaded to that the benefit [appellant] bargained for was to not take

responsibility for the conduct of Michael Dixon in killing and burning Mr. Whitaker."

{¶55} Our review of the plea agreement indicates that the parties agreed that, in exchange for appellant's guilty plea to five felony counts, the state would dismiss six remaining felony counts. Here, we do not believe appellant established that appellee's comments are either improper or prejudicial. Once again, it is apparent that the trial court had a firm grasp on the pertinent facts and the nature of appellant's participation.

{¶56} Accordingly, based upon the foregoing reasons, we overrule appellant's third assignment of error.

IV.

{¶57} In her final assignment of error, appellant asserts that the trial court should have dismissed the indictment due to the violation of her right to a speedy trial. However, we initially point out, and as we observed in our discussion of appellant's first assignment of error, in the case sub judice appellant's guilty plea waived her ability to challenge the trial court's ruling on her speedy trial motion to dismiss. *See Kelley,* 57 Ohio St.3d 127, 566 N.E.2d 658 (1991). Moreover, we believe that even if appellant had properly preserved this issue for review, we would

find no merit to this issue.

**{¶58}** The Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution guarantee the right to a speedy trial. Ohio's speedy trial statutes, R.C. 2945.71 to R.C. 2945.73, designate specific time requirements for the state to bring an accused to trial. *State v. Baker*, 78 Ohio St.3d 108, 110, 676 N.E.2d 883 (1997). Under R.C. 2945.71(C)(2), the state must bring a person charged with a felony to trial within 270 days after arrest. Each day a defendant is held in jail in lieu of bail will count as three days in computing speedy trial time. R.C. 2945.71(E). However, certain events may toll speedy trial time, including continuances granted as a result of defense motions and reasonable continuance granted other than upon the request of the accused. See R.C. 2945.72(E) and (H). *State v. Taylor*, 98 Ohio St.3d 27, 2002-Ohio-7017, 781 N.E.2d 72, ¶ 31. Furthermore, sua sponte continuances are continuances "granted other than on the accused's own motion" and will toll the speedy-trial time if the record reflects that the period of the continuance is reasonable. *State v. Ramey*, 2d Dist. Clark No. 2010 CA 19, 2012-Ohio-6187, ¶ 12.

**{¶59}** The Supreme Court of Ohio has held that "[i]n issuing a subsequent indictment, the state is not subject to the speedy-trial

timetable of the initial indictment, when additional criminal charges arise from facts different from the original charges, or the state did not know of these facts at the time of the initial indictment." *Baker* at syllabus. Thus, it should be determined whether a second indictment arose from facts different from the original charges, or whether the state did not know of the later facts at the time of the initial indictment.

{¶60} On November 20, 2020, the trial court sua sponte issued its COVID-19 pandemic continuance for all jury trials. The trial court also observed that the central issue is whether the state received an additional 270 days due to the new indictment in Case No. 20CR0202 and, citing *Baker, supra,* noted that in issuing a second indictment the state is not subject to the initial indictment's speedy trial timetable when additional criminal charges arise from facts different from the original charges, or facts unknown at the time of the initial indictment.

{¶61} The trial court concluded that, although appellant argued that a nexus exists between the two indictments, the connection is insufficient to overcome the guidance provided in *Baker*. The court analogized this case to cases in which, at the time of the initial indictment, law enforcement suspected that seized drugs are illegal drugs, but later obtain a second indictment after the substance is

analyzed and test results received.  The court concluded that at the time of appellant's arrest, appellee believed appellant had some involvement with the victim's death, but was "unaware of exactly what the involvement was.  It is obvious that further investigation was necessary to discover what Ms. Dixon allegedly did.  If further investigation was necessary, then the State did not know the facts at the time of the original indictment."

{¶62} Once again, we believe that if this issue had been properly preserved for review, the trial court's determination is nevertheless correct.  Although appellant also argues that the state conceded that both indictments stemmed from the "same criminal transaction," appellee points out that this means from the same ongoing investigation, not the same circumstances.  As this court held in *State v. Thomas*, 4th Dist. Adams No. 06CA825, 2007-Ohio-5340, at ¶ 14, "[t]he holding in *Baker* is disjunctive, i.e., the state need only establish one of the two scenarios, either different facts or lack of knowledge."

{¶63} At the motion hearing, Lt. Robison testified that, even at that point, the investigation was "still not complete."  The motion hearing transcript reveals that when the grand jury returned the indictment in Case No. 20CR0140, the state did not know of the facts that led to the charges for tampering with evidence, gross

abuse of a corpse, and the pattern of corrupt activity included in Case No. 20CR0202.

{¶64} Furthermore, we point out that the COVID-19 pandemic tolling event also extended appellant's speedy trial time. The Supreme Court of Ohio addressed this issue in *State v. Lynum (In re Fleegle),* 161 Ohio St.3d 1263, 2020-Ohio-5636, 163 N.E.3d 609. "[A]ll Ohio judges have been advised, trial judges have the authority to continue trials for defendants on a case-by-case basis without violating speedy-trial requirements." *Id.* at ¶ 7. Thus, the trial court's November 20, 2020 sua sponte order to continue all jury trials due to the COVID-19 pandemic tolled the speedy trial clock. The court's December 17, 2020 and January 20, 2021 sua sponte orders to continue all jury trials due to the COVID-19 pandemic tolled the speedy-trial clock.

{¶65} After the February 8, 2021 hearing to consider appellant's speedy trial motion, the trial court decided that, at most, only 189 of appellant's 270 speedy-trial days had elapsed. We agree. Even after the tolling period ended, "trial judges have the authority to continue trials for defendants on a case-by-case basis without violating speedy-trial requirements * * * courts may suspend jury trials to prevent the spread of the coronavirus and they may do so consistent with state and federal speedy-trial

obligations." *State v. Morant*, 7th Dist. Belmont No. 20 BE 0020, 2021-Ohio-3160 at ¶ 27, citing *Fleegle, supra*, 161 Ohio St.3d 1263, 2020-Ohio-5636, 163 N.E.3d 609 at ¶ 7; 2020 Ohio Atty.Gen.Ops. No. 2020-002; Ohio Supreme Court Coronavirus Resources. In *State v. Beal*, 2021-Ohio-3812, 179 N.E.3d 754, (5th Dist.), the trial court's COVID-19 sua sponte continuances, and the court's subsequent continuances related to a crowded docket, were deemed to be reasonable in purpose and length and, consequently, tolled speedy trial time. *Beal* at ¶ 39; *see also State v. Young*, 5th Dist. Stark No. 2020CA00155, 2021-Ohio-1999, ¶ 19, citing *State v. Lee*, 48 Ohio St.2d 208, 357 N.E.2d 1095 (1976); *State v. Shaffer,* 3d Dist. Paulding No. 11-21-05, 2022-Ohio-421, ¶ 22 (trial court's sua sponte continuance tolled speedy-trial time).

**{¶66}** Thus, we conclude that the trial court's sua sponte COVID-19-related continuances, inter alia, tolled appellant's speedy trial time. And once again, appellant's guilty plea waived her ability to raise speedy trial issues for consideration on appeal. Thus, we believe the trial court properly overruled appellant's speedy trial motion to dismiss.

**{¶67}** Therefore, based upon the foregoing reasons, we overrule appellant's fourth assignment of error and affirm the trial court's

judgment.

JUDGMENT AFFIRMED.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed and appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Hocking County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of the proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Hess, J.: Concur in Judgment & Opinion

For the Court

BY:_____

Peter B. Abele, Judge

NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal

commences from the date of filing with the clerk.